## EICHOLTZ v. WILBUR et al.

1. Causes commenced before, and prosecuted to judgment since the Code went into effect, may be appealed to this court under the former system of practice (when an appeal would lie) or under the Code at the election of the appellant.

2. Under the old system where the appeal was not made thirty days before the next ensuing term of this court, the appellant was not required to file a certified transcript of the record in this court on or before the third day of the term.

3. After an appeal was perfected under the old system and the cause was pending in this court, *held*, that the court below was without jurisdiction to enter new orders with a view to an appeal under the Code.

*Appeal from District Court of Arapahoe County.*

Messrs. CHARLES & DILLON, for appellee, now moved to dismiss the appeal.

Mr. E. P. JACOBSON, *contra.*

*Per Curiam.* Causes commenced before, and prosecuted to judgment since the Code went into effect, may be appealed to this court either under its provisions or under the former system of practice (in a case where an appeal would lie under *that* system) at the election of the appellant. Code, § 446. *Hattie J. Conner* v. *The Estate of James Conner (ante*, p. 74).

An appeal was prayed under the former system of practice February 28th, A. D. 1878, and allowed on condition that appellants, within thirty days, file a bond in the sum of five thousand dollars. March 25th, A. D. 1878, in compliance with the order of court, the requisite bond was filed. Upon the filing of the bond, and not before, the appeal was perfected—made in the sense of the statute. As only eight days intervened between the date last named and the return day of the then ensuing April term of court, the appellants were not required to file with the clerk the transcript by or before the third day of that term. It is only when the appeal has been perfected thirty days prior to the next ensuing term, that appellants are required to lodge an authenticated copy of the record in the office of the clerk of this court by the third day thereof. R. S., p. 513. They were, therefore, in that respect, not in default. *Breed* v. *First National Bank of Central*, 3 Col. 470.

We therefore conclude that the appeal is properly pending in this court under the former system of practice. Abortive attempts were also made to bring the cause into this court by an appeal under the Code. In our view, after

the appeal was perfected under the former system, the cause was then pending here, and the court below was without jurisdiction to enter new orders with a view to a Code appeal. *Harrison* v. *Trader and Wife*, 29 Ark. 97; *Love* v. *Dickson*, 8 Martin's R. 440 (N . S. La.); *Levi* v. *Karrick*, 15 Iowa, 444; *Spaulding* v. *Milwaukee & Horicon R. R. Co.*, 11 Wis. 158.

The motion to dismiss the appeal will be denied.

*Motion denied.*