Denver Land and Security Company, Appellant, v.
Rosenfeld Construction Company, Appellee.

Contract—Liquidated Damages.

In a contract for the building of eight houses within a specified time,
it was provided that if the contractor failed to complete the work
upon any of them at or before the time specified, it should pay the
sum of five dollars for each day thereafter that the work upon
either should remain unfinished as liquidated damages for its delay
in that behalf : *Held*, that the contract provided for the payment
of such damages at the rate of five dollars per day for the number
of days there was default in completion of the entire contract, but
not at that rate for each house remaining unfinished, and that, so
construed, the stipulation may be upheld as furnishing an agreed
measure of compensation for the nonfulfillment of the contract,
and as available as fixed and stipulated damages to reduce the un-
paid balance of the contract price.

*Appeal from the District Court of Arapahoe County.*

This is an action to recover a balance of $1,525 alleged to
be due upon a building contract.   The contract is set out *in
hæc verba* in the complaint.   It provides for the erection and
completion of eight houses according to certain plans and
specifications, at and for an agreed price, amounting in the
aggregate to the sum of $21,200.   The clauses upon which
the present controversy arises are the following :

" Second—The work shall commence forthwith, or as soon

as may be, and each of the said eight houses completed within ninety days from the date hereof." * * *

" Twelfth—Should the party of the first part fail to complete the work upon any of the said houses at or before the time above specified, it shall pay to the party of the second part the full sum of five dollars per day for each and every day thereafter that the work upon either of the said houses shall so remain unfinished and incomplete as liquidated damages for its delay in that behalf."

This contract was entered into on the 29th of May, 1889, and the houses were not completed until the 21st day of November, 1889, eighty-six days after the time stipulated. The answer contains a counterclaim for $3,335, based upon this failure to complete the buildings in the time stipulated. The cause was tried to the court, and it allowed upon this counterclaim and deducted from the unpaid balance of the contract price the sum of $430, being the amount of $5.00 per day for the period that elapsed between the date stipulated for the completion and the time the houses were completed and accepted, and rendered judgment in favor of appellee for $1,095. From this judgment appellant prosecutes this appeal.

Messrs. WELLS, MACON & FURMAN and Mr. A. B. SEAMAN, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The correctness of the judgment appealed from depends upon the construction to be given to clause 12 of the contract above set forth. It is contended by counsel for appellant that this clause should be construed to provide for the payment of the sum of $5.00 per day for each house, or $40.00 per day for each day that elapsed after the period of ninety days from the execution of the contract, during which the

houses remained unfinished.   While this clause is somewhat ambiguous, we think it is to be gathered from its terms that the payment of $5.00 per day only was contemplated by the parties.

The contract was for the building of eight houses, to be commenced at the same time and completed at the same time. In other words, it was a contract that in terms provided for the erection and completion of the entire number of houses specified, and its full performance required the completion of them all.   The sum specified as liquidated damages was to be paid in case of default in the performance of this contract within the time limited, and is expressly fixed at $5.00 per day for the number of days such default continued.

Such is the purport of the language used.   It is, that if the party of the first part shall "fail to complete the work upon *any* of the said houses * * * it shall pay * * * the full sum of five dollars *per day for each and every day* thereafter that work upon *either* of the said houses shall so remain unfinished."

It is to be presumed that the parties used language to express their meaning, and if they had intended to provide for the forfeiture of $5.00 per day for *each house* they would have made that intention clear by adding those words, instead of using language that imports a different intention and meaning.   And, furthermore, this construction must be given in order to effectuate the intention of the parties to provide for liquidated damages.   The total valuation of the houses under the terms of this contract was about $22,000, and the amount claimed as liquidated damages upon appellant's contention amounts to $1,200 per month, over 60 per cent per annum on the contract price.

Clauses of this character are generally construed as penalties, and the amount usually awarded thereunder is actual compensation for the loss accruing upon the default and failure to perform the contract within the time limited.   .

If, therefore, the construction contended for by appellant should be adopted, the amount specified as liquidated dam-

ages is so far in excess of an adequate compensation for the loss that accrued on account of delay that, under this generally accepted rule, it must be regarded as a penalty, and not enforceable as liquidated damages.  On the other hand, if the construction contended for by appellee and adopted by the court below prevails, the stipulated amount may be upheld as furnishing an agreed measure of compensation for the nonfulfillment of the contract, and is available as fixed and stipulated damages to reduce the unpaid balance of the contract price.

It is unnecessary to determine whether the trial court erred in requiring the appellant to assume the affirmative and open the case.  The evidence introduced for the purpose of explaining the clause of the contract under consideration was inadmissible, and the court so adjudged in its final decision. The rights of the parties under the pleadings were dependent alone upon the meaning to be given to the provisions of the contract relating to liquidated damages, and this meaning was to be ascertained from those provisions themselves.

· The court acted upon this view, and construed the clause in question without regard to extrinsic evidence, and therefore the error, if any, in requiring appellant to assume the burden of proof was an immaterial one, and in no way prejudiced appellant's rights.  No error sufficient to justify a reversal appearing upon the record, the judgment must be affirmed.

*Affirmed.*