[No. 8321.]

## SCOTT V. WATKINS.

1.   TAX TITLE—*Preliminary Steps—Burden of Proof.*   Where the validity of the tax title is denied the burden of proving the preliminary steps leading up to the sale is upon the one claiming under the tax title. (245.)

2.   —— *Pleadings.*   Defects in a tax deed, or the proceedings leading up to the tax sale, must, if relied upon, be pointed out in the pleadings; but it is not required that this shall be done in any particular manner, or exclusively by the party relying upon such defects.

The answer setting up the tax title alleged due advertisement of the sale.   This allegation was traversed by the reply.   *Held* that the matter was in issue.   (246.)

3.   ——*Notice of Tax Sale—Publication.*   The affidavit of publication stating that the notice was published, etc., and "copies of ecah number of the paper, etc., delivered by carrier, or transmitted by mail, to each subscriber" in a certain county named, *held* admissible, and sufficient to overthrow the *prima facie* case made by a tax deed conforming to the statute. (247.)

4.   APPEAL AND ERROR—*Effect of an Appeal.*   A perfected appeal terminates the jurisdiction of the trial court.   (247.)

GARRIGUES, J., dissenting, was of the opinion that though the action was to quiet title, it was in effect "for the recovery of land," within the meaning of the five-year limitation (Rev. Stat. sec. 5733).

*Error to the Court of Appeals.*

*En Banc.*

Mr. R. H. GILMORE and Mr. W. W. ANDERSON, for plaintiff in error.

No appearance for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error filed his complaint in the usual form to quiet title to a tract of some 280 acres of land, the defendant in error being the only defendant in the action.

The latter, by answer, claimed title under a tax deed, and alleged that the land being subject to taxation and the assessed taxes for 1893 being unpaid, "the county treasurer advertised the said lands for sale on October 4th, 1894, at public sale," etc.

The answer also set up the five year statute of limitations as a bar to the suit.

Plaintiff's replication contained a denial of "each and every allegation in the answer contained, except as herein expressly admitted, or alleged." Then ,follows a specific denial in these words: "Denies the advertisement of the land as alleged. Denies that the list and notice of sale was published in a newspaper for four successive weeks, prior to October 8, 1894."

The trial court held the plea of the statute of limitations good, and entered judgment for the defendant.

The case having gone to the Court of Appeals, that court held, (25 Colo. App. 340), that the court below was wrong in sustaining the plea of the statute of limitations, but that its refusal to permit the plaintiff to show defects in the— notice of sale was not error, those matters not being within the issues, it was said, because there were "no allegations in the plaintiff's pleadings challenging the validity of the tax deed, for reasons other than those appearing on its face." The judgment was accordingly affirmed.

The court was right in holding that the five years statute of limitations was not a defense in this suit.

We cannot, however, agree with the Court of Appeals that the matters which the plaintiff offered to prove were not within the issues presented by the pleadings. Indeed it was, under the pleadings, for the defendant to prove those steps to have been taken which the plaintiff specifically denied had been taken.

Defendant claimed title through a tax deed and alleged the advertising of the land for sale as a step in the proceedings upon which the tax deed was based. Having made the allegation she was bound to prove it if denied, or her defense failed. The replication denied it both generally and specifically, making a clearly defined issue on that point.

In *Rustin v. M. & M. Tunnel Co.*, 23 Colo. 356, 47 Pac. 301, this court said:

"The plaintiff alleged in his complaint that due and proper publication of the notice of the tax sale was made and an affidavit of such publication filed as required by law. It matters not that plaintiff might have filed a sufficient complaint without setting forth the various steps leading up to the execution of his tax deed. He having set forth these matters, and issue having been taken thereon, any evidence which tended to prove or disprove the truth of the allegations thus in issue was proper."

In that case the plaintiff tendered the issue in the complaint. In this case the defendant, pleading affirmative matter, tendered an issue upon one of the steps in the proceeding out of which her defense grew. The plaintiff joined issue by his replication, and the defendant was put upon proof of the matters alleged.

It is true, as the Court of Appeals states, that defects in a tax deed good on its face cannot be shown on the trial unless they have been pointed out in the pleadings; but it is not necessary that this be done in any particular manner, or exclusively by the party relying on the defects. It is sufficient if it clearly appears from the pleadings that certain defects are relied upon, and an issue is made as to their existence. In this case plaintiff was not required to anticipate the defense and allege facts showing it to be insufficient. The answer contained allegations the denial of which presented the issue which otherwise must have been made, if at all, by a direct charge in the replication that the sale had not been advertised as provided by law.

The defendant put in evidence her tax deed which was regular on its face, and thereby made a *prima facie* case as to the publication of notice of the sale for taxes, the recorded deed having that effect by section 5730, R. S. 1908.

The plaintiff, in rebuttal, offered in evidence the affidavit of publication which stated:

"that copies of each number of said paper, in which said notice and list were published, were delivered by carrier or transmitted by mail to each of the subscribers of the said paper in Arapahoe County according to the accustomed mode of business in the office."

On objection by the defendant the court excluded this exhibit. This was error. In *Lambert v. Shumway*, 36 Colo. 350, 85 Pac. 89, an affidavit of publication in the form above set out was held not to comply with the statute. *Mitchell v. Knott*, 43 Colo. 135, 95 Pac. 335, is to the same effect.

This evidence if admitted would have overcome the case made by defendant, and as the case then stood, have entitled the plaintiff to judgment.

The judgment is wrong for another reason.

The case was brought and tried in Yuma County, but the judgment was entered in Logan County, on December 7, 1908.

A bill of exceptions was thereafter approved and signed, and an appeal bond was approved and filed. Afterwards, on January 5, 1909, the court, sitting in Yuma County, set aside the finding and order for judgment made on December 7, 1908, and entered judgment in favor of the defendant. This was error. The appeal having been perfected, the case was pending here, and the trial court was without jurisdiction to make further orders in the cause. *Eicholtz v. Wilbur*, 4 Colo. 434; *Ensminger v. Powers*, 108 U. S. 292-302, 27 L. Ed. 732, 2 Sup. Ct. 643.

The judgment is reversed, and the cause remanded to the District Court for further proceedings in harmony herewith.

Mr. Justice GARRIGUES dissents.

GARRIGUES, J., dissenting.

I cannot agree with that part of the majority opinion of my brothers which holds that the five years statute of limitations (Laws '85, p. 320), is no defense in this action to quiet title. As I understand the case, Scott, the plaintiff in possession, claiming to own title in fee simple absolute, brought this, a code action to quiet his title against Watkins, whom, he alleges, claims an adverse estate therein. The latter in his answer claims that it is he who owns the title in fee simple, the claim being based upon a tax deed, fair upon its face, and he pleads the five years statute of limitations which provides:

"No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary, notwithstanding." § 5733 R. S., 1908.

I think the expression, "Recovery of land sold for taxes," should be given its common and ordinary meaning. When land has been sold for taxes, without redemption, and a tax deed fair upon its face has been given by the treasurer, people ordinarily would say that the owner had lost his land. If plaintiff prevails in this action, he will recover the land from the defendant which otherwise he will lose, and the recovery referred to in the statute simply means winning the law suit, in this case brought to quiet the title. If plaintiff wins, he recovers something which he has lost if defendant wins. If the statute of limitations is applicable and the deed is fair on its face, plaintiff will lose the land and defendant will recover it and the right of possession will follow the title. If the statute is inapplicable and plaintiff defeats the tax deed, he, instead of the defendant will recover the property. It is in this sense that the one who is adjudged to own

the fee simple title recovers the land from the other, which he otherwise would lose. It was this kind of a recovery the legislature had in mind when it said that no action for the recovery of land sold for taxes should lie, unless brought within five years after the execution and delivery of the tax deed, any law to the contrary notwithstanding.

As I understand, the majority opinion holds the five years statute does not apply because this is not a code action to recover the possession of land sold for taxes, but is only an action to quiet title. A decree in favor of plaintiff under our code in this action quieting title, will settle that he owns the title in fee simple and that defendant has no claim, estate or interest therein. This of necessity includes a determination that the plaintiff and not the defendant is entitled to the possession—or right to possession, following the ownership of the title. It defeats defendant's claim of title and settles plaintiff's title, which in this case amounts to a recovery of the land otherwise lost by the tax deed and in my opinion tries the title. *Brady v. Carteret Co.,* 82 N. J. Eq., 620, 90 Atl. 257, Ann. Cas. 1915B, 1093.

The right of the respective parties to the possession of this land sold for taxes, is based upon the ownership of the title. If the decree determines that plaintiff owns the fee simple title absolute, and that defendant has no claim, estate or interest in the land, such decree will operate directly upon the title upon which the right to possession depends. A decree for plaintiff will estop defendant from again litigating the title or asserting any claim, estate or interest in the land. *Morris & Thombs v..St. Louis Nat. Bank,* 17 Colo. 231, and *Munson v. Marks,* 52 Colo., 553, were not actions of this kind, but were suits to remove a specific cloud and hence are not in point. It may be that no statute of limitations ever runs against an action brought by one in possession to remove a particular cloud. An action to quiet title is not to remove a specific cloud, but is for the purpose of

determining all adverse claims, whatever they may be, that defendant has to any estate or interest in the land. A decree for the plaintiff will determine that defendant has no title, and a decree for the defendant will determine that the plaintiff has no title, hence this is an action to try title and for the recovery of the land. As tending to support the views herein expressed, I cite the following cases: *Green v. Glynn*, 71 Ind. 336; *Farrar v. Clark*, 97 Ind. 447; *Pittsburg Co. v. O'Brien*, 142 Ind. 218, 41 N. E. 528; *Chicago Co. v. Grantham*, 165 Ind. 279, 75 N.E. 265; *Burton v. Huma*, (C.C.) 37 Fed. 738.

Decided January 3rd, 1916. Rehearing denied May 1, A. D. 1916.