No. 18,599.

DAVIDSON CHEVROLET, INC., ET AL. *v.* CITY AND
COUNTY OF DENVER, ET AL.

(328 P. [2d] 377)

Decided July 14, 1958.   Rehearing denied August 11, 1958.

Mr. LESLIE A. GROSS, Mr. GEORGE LOUIS CREAMER, for
plaintiffs in error.

Mr. John C. Banks, Mr. Earl T. Thrasher, Mr. Hans W. Johnson, for defendants in error.

*En Banc.*

Per Curiam.

Denver sued out a writ of error, seeking to have reversed an adverse judgment which it suffered in the district court on December 4, 1957. The district court vacated the judgment on January 3, 1958, while the case (Denver v. Davidson Chevrolet, Inc., et al., No. 18,497) was pending here on error.

On January 17, 1958, Denver filed its motion to dismiss without prejudice its writ of error. On January 30, 1958, the motion was granted, and on March 3, 1958, remittitur issued out of this court, in part directing "that the judgment of said District Court stand in full force and effect; and that this cause be remanded to said District Court for such other and further proceedings, according to law, as shall be necessary to the final execution of the judgment of said District Court in the cause, notwithstanding the said writ of error."

After the judgment was vacated, and on February 25, 1958, the district court proceeded with the trial of the case. At the conclusion of the trial on March 3, 1958, the trial court entered a judgment of dismissal against Davidson Chevrolet, Inc., et al., and in favor of Denver. Davidson Chevrolet, Inc., by its writ of error maintains that the vacation of the judgment and the entry of the judgment of dismissal under these circumstances were acts performed by the trial court at a time when it was without jurisdiction to so do.

We agree with the contention of Davidson Chevrolet, Inc. Once the case was in this court on writ of error the trial court was without jurisdiction to vacate the judgment or commence the trial of the case which eventuated in the entry of another or different judgment.

The dismissal of the writ of error, even though without prejudice, left the first judgment in full force and effect. Had Denver, having successfully moved to dismiss without prejudice its writ of error, filed a second writ of error in apt time, we then would have reviewed the matter. Where the unsuccessful party in the trial court sues out a writ of error, and thereafter files a motion to dismiss the writ of error without prejudice, to which we assent by dismissing without prejudice, all that remains for the party seeking dismissal is to file anew its writ of error; otherwise, the judgment sought to be reversed originally becomes final and effectual.

All that remained to be done in this case was to carry out the mandate of the remittitur heretofore issued. Dismissal without prejudice in no way could have stayed the hand of the successful party in proceeding with the rights adjudicated to it.

Vacation of the first judgment and the entry of a new judgment, having been accomplished without the trial court having jurisdiction so to do, were ineffectual, null and void. The proceedings are ordered remanded with directions to hold for naught the vacation of the first judgment and the entry of the second judgment, and to hold in full force and effect (no writ of error having been refiled within apt time) the first judgment, and to carry out the mandate of the remittitur heretofore issued by this court.

*On Petition for Rehearing.*

Our disposition of the writ of error herein did not determine the validity of the original judgment. We direct attention to pertinent language in *Geisler v. People,* 135 Colo. 121, 308 P. (2d) 1000, relating to the effect of void judgments.

Petition for rehearing is hereby denied.