No. 19,085.

HAROLD I. VESSELS, ET AL. *v.*
DAVIDSON CHEVROLET, INC., ET AL.
(355 P. [2d] 121)

Decided September 12, 1960.   Rehearing denied September 26, 1960.

Mr. DAYTON DENIOUS, for plaintiffs in error.

Mr. LESLIE A. GROSS, Mr. GEORGE L. CREAMER, for defendants in error Davidson Chevrolet, Inc., and Slocum.

Mr. DONALD E. KELLEY, Mr. EARL T. THRASHER, Mr. HANS W. JOHNSON, for defendants in error Arehart and Harter.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE history of the litigation which antedated the instant action is found in *Davidson Chevrolet, Inc. v. City and County of Denver,* 137 Colo. 575, 328 P. (2d) 377, decided by this court July 14, 1958, and a similarly entitled case in 138 Colo. 171, 330 P. (2d) 1116, decided by this court October 27, 1958, and *City and County of Denver v. Davidson Chevrolet, Inc.,* 359 U.S. 926.

The instant action was commenced December 1, 1958, by Vessels and others against defendants in error. We shall refer to the parties as they appeared in the trial court. Plaintiffs are owners of real estate in the immediate vicinity of the properties involved.

Plaintiffs' complaint admitted that the judgment of the District Court, affirmed by this Court, under which defendants were erecting structures on their land, was a final judgment and that pursuant thereto Davidson Chevrolet, Inc., and the Slocums "seek to proceed with the structures" for which they sought building permits and which permits were authorized by decision of this court. Plaintiffs sought an order requiring the Zoning Administrator and the Chief Building Inspector of Denver to "enforce and abide by the provisions of the zoning ordinance" and for an injunction restraining defendants Davidson and Slocum from erecting or maintaining structures to be used as an automobile agency or for any commercial purpose or business use.

Davidson Chevrolet, Inc., and the Slocums moved to dismiss plaintiffs' complaint and for a summary judgment. This motion was sustained by the trial court and the action was dismissed. Plaintiffs are here on writ of error.

An examination of the record in the two Davidson cases, supra, discloses that these plaintiffs were intervenors therein in the trial court and were defendants in error in this court.

It is manifest that the present action is a collateral attack on the final judgments entered in the two cases above referred to.

Of necessity there must be an end to litigation between parties to a lawsuit, and those in privity with them, especially those who were parties to the original action and to the proceedings on error in this court. *Atchison, Topeka and Santa Fe Railway Co. v. Board of County Commissioners*, 95 Colo. 435, 37 P. (2d) 761.

Perceiving no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DOYLE not participating.