414 P.2d 578

**Henry BAWDEN et al., Plaintiffs and Appellants,**

v.

**Othello P. PEARCE et al., Defendants and Respondents,**

**Doxey-Layton Co., Applicants In Intervention.**

**No. 10459.**

Supreme Court of Utah.

May 24, 1966.

· in determining qualifications · of expert, see Webb v. Olin Mathieson Chemical

McKay & Burton, Salt Lake City, for appellants.

Grover A. Giles, Salt Lake County Atty., Ollie McCulloch, Deputy S. L. County Atty., Salt Lake City, for respondents.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for applicants in intervention.

WADE, Justice.

Plaintiffs and appellants are the owners of property in the Hunter-Granger Planning District in Salt Lake County, Utah. As

Corp., 9 Utah 2d 275, 342 P.2d 1094, 80 A.L.R.2d 476 (1959).

such they brought an action against the Salt Lake County Planning Commission and its members and the Director of the Building Inspection Department of Salt Lake County to restrain them from issuing further permits for the building of a shopping center by the intervenors in that District in violation of a zoning ordinance in effect on February 12, 1965, which defines a broad area of land as Residential R 2, of which a relatively small portion is owned, and upon which it is planned to erect a shopping center, by intervenors. This appeal is from the judgment of the court denying the injunction.

It appears that the intervenors were plaintiffs in an action where a judgment in the Third Judicial District Court was entered on February 24, 1965 in the case of American Housing Corporation et al. v. Persyl L. Richardson et al., requiring that a writ be issued directing the Salt Lake County Commission and its members, the Salt Lake County Planning Commission and its members, and the Chief Building Inspector of Salt Lake County to consider and process the application of Doxey-Layton Company, for itself and other landowners, for building permits for buildings to be constructed on the real property involved in that action, which is the same property involved in the instant case, without reference to the use of the buildings and land as a regional shopping center. A writ of mandate in conformance with this judgment was issued. The defendants in that action took an appeal to this court. While this appeal was pending, the building inspector issued a permit for a "shopping center" and for "footings and foundations only for Building C." Upon the issuance of this permit this court, upon the application of the respondents in the American Housing Company case, and upon the representation "by counsel for both parties that defendants have complied with the writ of mandate and the matter is moot, and upon stipulation of counsel that the appeal be dismissed * *," dismissed the appeal.

The mandate of the court was that building permits were to be issued to the owners of the property involved, without taking into consideration the usage to be made of land and buildings from a zoning standpoint, as a regional shopping center. That judgment is now final. The relief sought by appellants herein, if granted, would void that judgment in a collateral proceeding. This cannot be done.[1] The court therefore did not err in dismissing the action.

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

1. Intermill v. Nash, 94 Utah 271, 75 P.2d 157. See also Vessels v. Davidson Chevrolet, Inc., 144 Colo. 101, 355 P.2d 121.