417 P.2d 973

**AMERICAN HOUSING CORPORATION, a Utah corporation, et al., Plaintiffs and Respondents,**

v.

**Persyl RICHARDSON et al., Defendants and Respondents,**

**35–40 Inc., et al., Intervenors and Appellants.**

No. 10496.

Supreme Court of Utah.

Sept. 8, 1966.

McKay & Burton, Macoy A. McMurray, Salt Lake City, for appellants.

Wood R. Worsley, Salt Lake City, for American Housing Corp.

Grover A. Giles, County Atty., Ollie McCulloch, Deputy County Atty., Salt Lake County, for Richardson and others.

HENRIOD, Chief Justice:

Appeal from a judgment denying motions to intervene, *with* prejudice, and for an injunction, *without* prejudice. Affirmed partly with no costs awarded.

This case has been before us several times through several different avenues.[1] The last case we resolved on motion to dismiss, where both sides conceded that a mandate to process an application for a permit to build a shopping center was moot. This concession was tied down by written stipulation to that effect. As a result this Court decided that "upon representation by counsel for both parties that defendants have complied with the writ of mandate and the matter is moot, and upon stipulation of counsel that the appeal be dismissed." The appeal was dismissed.[2]

*After such dismissal,* present appellant and others, who, up to that time had not sought intervention at the trial court level, sought to intervene for the first time in this Court, by petition for recall of our remittitur and allowing such belated intervention, which we refused to entertain.[3] Basis for the petition was that 35–40, Inc., and some 850 property owners had been denied their day in court. They said they had relied on the County Attorney's Office for protection. They said the latter bungled the case by

stipulating to the dismissal of the appeal. We are disinclined to indulge an opinion as to the merit of their claims, but we know what counsel on both sides stipulated to in an effort to get us to dismiss the appeal. We cannot turn the clock back on that solicitation and result.

▮ After that, appellants sought to intervene *in this same* action at the District Court level, and to obtain an injunction against issuance of any further building permits to American, claiming the judgment in this case was not final. We think the appellants erred. We do not venture to suggest what appellants could or could not have done or could do in an independent action with respect to zoning or building capabilities administered by local authorities. In other words, so far as this Court is concerned this case, No. 10496, is now interred with its bones.

▮ It is to be noted that the trial court said that the *motion for intervention* was denied *with prejudice*, but that the motion for an injunction was denied *without prejudice*. After this case, litigation, if any, must wend its weary way via a route in a different action.

Saying this, we think the trial court erred in denying the injunction motion *without*

1. Motion to dismiss this case, 10496; Motion for intervention and to recall remittitur Case No. 10348, this court, 9/8/65.

2. See Bawden v. Pearce, 18 Utah 2d 21, 414 P.2d 578 (1966), Case No. 10459, this

court, where, in commenting on that decision, we said, "That judgment is now final."

3. See footnote 1, supra.

prejudice, since that simply would be a suggestion that *this case* still might be breathing.

McDONOUGH, CROCKETT and CALLISTER, JJ., and C. NELSON DAY, District Judge, concur.