529 P.2d 1347 (1974)
Salvador RIVERA et al., Plaintiffs-Appellees and Cross-Appellants,
v.
The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER et al., Defendants-Appellants and Cross-Appellees.
No. 74-110.
Colorado Court of Appeals, Div. II.
June 14, 1974.
Zarlengo & Kirshbaum, Denver, for named plaintiffs-appellees and cross-appellants.
Geer, Goodwin & Chesler, P. C., Denver, for similarly situated plaintiffs-appellees and cross-appellants.
Max P. Zall, City Atty., Brian H. Goral, and Robert D. Dowler, Asst. City Attys., Denver, for defendants-appellants and cross-appellees.
Before SILVERSTEIN, C. J., and PIERCE and SMITH, JJ.
PER CURIAM.
This matter is before the court on motion of the unnamed plaintiffs-appellees *1348 for a stay of an order of the trial court pending appeal, pursuant to C.A.R. 8(a), and objections thereto by defendants-appellants.
The plaintiffs filed a complaint under C.R.C.P. 106(a)(4) to review a decision of defendant Civil Service Commission which denied a claim by the named plaintiffs that they were entitled to be promoted to the rank of sergeant in the Denver Police Department on the basis of the 1969 Eligibility Register. Included as plaintiffs were all other Denver Police Officers similarly situated. The action was commenced on August 24, 1973, and on that date the trial court entered an ex parte order which, inter alia, enjoined defendants from conducting any examinations for the position of sergeant until determination of the issues raised by the complaint. Motion to set aside the order was denied on February 1, 1974, and defendants appealed, docketing the case in this court on March 26, 1974.
On May 28, 1974, the trial court, on its own motion, modified the August 24, 1973, order by directing defendant Civil Service Commission to conduct a sergeants' examination with all convenient speed and to fill vacancies from the new eligibility list arising from the examination, preserving, however, the rights of the twelve named plaintiffs. Thereupon the unnamed plaintiffs, the police officers "similarly situated," whose rights, if any, were not protected by the May 28 order filed, the motion for stay of the order.
As grounds for their motion the movants assert that, since an appeal from the order of August 24 had been docketed in this court, the trial court was without jurisdiction to modify the order; and further, that if the order is not stayed, movants will suffer irreparable damage.
It is the general rule that when an appeal has been perfected, the trial court is without jurisdiction to make further orders in the cause relative to the order or judgment appealed from. Scott v. Watkins, 61 Colo. 244, 157 P. 3. See Davidson Chevrolet, Inc. v. Denver, 137 Colo. 575, 328 P.2d 377. We note, however that "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." 9 J. Moore, Federal Practice 739 (2d ed. 1973); Babcock & Wilcox Co. v. Foster Wheeler Corp., D.C., 54 F.R.D. 474.
Moreover, when the order appealed from is an injunction, the trial court, under C.R.C.P. 62(c), "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal. . . ." It has generally been held that this rule authorizes the trial court to enter orders which preserve the status quo, or otherwise protect the rights of the parties pending appeal, but does not give the trial court authority to enter an order which alters the rights granted, or created by the original order. See Woitchek v. Isenberg, 151 Colo. 544, 379 P.2d 392; Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623 (2nd Cir.); 7 J.Moore, Federal Practice at 62-18 et seq. (2d ed. 1974).
In most cases a request for modification of an injunctive order is initiated by one of the parties to the action by the filing of a motion. The trial court has jurisdiction to hear and deny such a motion while an appeal is pending. Ferrell v. Trailmobile, Inc., 233 F.2d 697 (5th Cir.). However, if the trial court indicates it would grant the motion, then the proper procedure is for the movant to petition the appellate court to remand the case in order that the trial court may grant such motion. Ferrell v. Trailmobile, supra; Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349. Such remand does not require dismissal of the appeal. Ideal Toy Corp. v. Sayco Doll Corp., supra. In the present case the modification was on the trial court's own motion, and request for remand should have been made prior to entry of the order. The failure to make such a request, however, does not deprive this court of alternatives other than the granting of the requested stay.
*1349 C. A. R. 2 provides, "In the interest of expediting decision, or for other good cause shown, the appellate court may, . . . on its own motion . . . order proceedings in accordance with its direction." Since the facts of this case fail to substantiate the moving appellants' claim that their rights, if any, will be irreparably damaged, and, further since the matter involved is of great public importance, we elect to exercise the authority set forth in the above rule.
Therefore it is ordered that the motion is denied; that the case be remanded to the trial court for immediate re-entry of its order of May 28, 1974; that the within appeal be suspended pending such action by the trial court; that upon such action being completed, the within appeal shall be ipso facto reinstated; and that all plaintiffs-appellees shall have to and including July 22, 1974, to file briefs herein.
We do not by this order rule upon the merits of the order of May 28, 1974.