**Donald L. ANDERSON,**
**Plaintiff–Appellee,**

v.

**Victor D. MOLITOR and Molitor Industries, Inc., Defendants–Appellants.**

No. 87CA0480.

Colorado Court of Appeals,
Div. III.

Oct. 13, 1988.

Rehearing Denied Dec. 8, 1988.

Certiorari Granted (Molitor)
March 13, 1989.

Miller & Associates, P.C., James R. Miller, Netzorg & McKeever, P.C., J. Nicholas McKeever, Jr., Gordon W. Netzorg, Denver, for plaintiff-appellee.

Dickinson & Herrick–Stare, P.C., Gilbert A. Dickinson, Leonard M. Cooper, Denver, for defendants-appellants.

CRISWELL, Judge.

Victor D. Molitor and Molitor Industries, Inc., defendants, appeal the trial court's denial of their C.R.C.P. 60(b) motion for relief from judgment. We affirm.

In mid-July 1986, the trial court entered a judgment on a jury verdict against defendants, who thereafter filed a timely motion for new trial under C.R.C.P. 59, claiming that the court had committed instructional error and had improperly excluded certain testimony during the course of the trial. However, because of various requests by the parties for extensions of time for the filing of legal memoranda, this motion was not denied by that court until November 17, 1986—a date well beyond the 60–day period provided by C.R.C.P. 59(j) for a trial court to dispose of such a motion. Thus, this motion was deemed to have been denied on October 6, 1986. *Baum v. State Board for Community Colleges & Occupational Education*, 715 P.2d 346 (Colo. App.1986).

As a result of this delay, the notice of appeal that defendants filed with this court was untimely, and, although they argued before us that the untimeliness of the notice was the result of "excusable neglect" and involved "unique circumstances" under *Converse v. Zinke*, 635 P.2d 882 (Colo. 1981), we rejected these arguments and dismissed their appeal. *Anderson v. Molitor*, 738 P.2d 402 (Colo.App.1987).

While that appeal was pending, however, defendants filed their unverified motion under C.R.C.P. 60(b) in the trial court, asking that court to vacate, and then immediately to re-enter, the judgment, so as to allow them to file a new notice of appeal with this court. After we entered our order of dismissal, but before the time set for the filing of any petition for rehearing had expired, the district court denied defendants' C.R.C.P. 60(b) motion, finding that they had failed to demonstrate any "excusable neglect" under C.R.C.P. 60(b)(1). It also concluded that "failure to timely file an appeal is not a sufficient ground to justify extraordinary relief from a judgment" under C.R.C.P. 60(b)(5).

Later, we denied defendants' petition for rehearing, the supreme court refused their request for a writ of certiorari, and our mandate, returning the cause to the trial court, issued.

I.

Without arguing the point, defendants initially suggest that the trial court may have lacked jurisdiction to act upon their C.R.C.P. 60(b) motion, because its order

was entered while their appeal was still pending before this court and before this court's mandate was issued. We conclude, however, that the trial court had proper jurisdiction to deny the motion.

■ It is true that, as a general rule, once a proper appeal is filed with an appellate court, a trial court is without jurisdiction to enter any order that enlarges, diminishes, or changes the rights or obligations of the parties arising out of the judgment from which the appeal has been taken, absent an order of remand from the appellate court. *Rivera v. Civil Service Commission*, 34 Colo.App. 152, 529 P.2d 1347 (1974). *See Schnier v. District Court*, 696 P.2d 264 (Colo.1985). This does not mean that an appeal divests the trial court of jurisdiction over all matters that might arise, however.

In *Rivera*, this court held that a trial court did not have jurisdiction to modify the terms of a preliminary injunction while an appeal from that injunction was pending. In doing so, however, we adopted the rule, approved by several federal courts, that the trial court *did* retain jurisdiction to *deny* a motion to modify the injunction's terms; it is only if the trial court concludes that the motion has merit that an order of remand is required to be issued out of this court in order to re-invest the trial court with jurisdiction to grant relief from the injunction's terms.

It appears that a majority of the federal courts of appeal that have passed upon this issue have adopted a similar rule for the disposition of motions under Fed.R.Civ.P. 60(b) during the pendency of appeals. Under these decisions, the trial court retains jurisdiction to *deny* such motions, but an order of remand is required if such a motion is to be granted. *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844 (7th Cir.1981). *See generally* Annot., 62 A.L.R. Fed. 165 (1983).

■ Since such a rule has already been adopted by this court for motions to modify injunctions, we now extend the ruling in

*Rivera* to make it applicable to all C.R.C.P. 60(b) motions that request modification or vacation of the order or judgment being appealed. We hold, then, that a trial court continues to retain jurisdiction to consider and to deny such motions, but that it lacks jurisdiction to take any action that would modify or vacate the order or judgment, absent an order for partial remand entered by the appellate court. Thus, the trial court here retained jurisdiction to enter the order of denial about which defendants complain.

## II.

Defendants assert that the trial court abused its discretion in denying their C.R. C.P. 60(b) motion to vacate. We disagree.

■ A C.R.C.P. 60(b) motion cannot be used to circumvent the operation of C.R. C.P. 59(j). *Sandoval v. Trinidad Area Health Ass'n, Inc.*, 752 P.2d 1062 (Colo. App.1988); *see Cavanaugh v. State Department of Social Services*, 644 P.2d 1 (Colo.1982), *appeal dismissed*, 459 U.S. 1011, 103 S.Ct. 367, 74 L.Ed.2d 504 (1982). The sole exception that has been established is when the C.R.C.P. 60(b) motion is based upon "extraordinary circumstances" and involves "extreme situations." *Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo.1987) (juror misconduct not disclosed by record of trial may be basis for C.R.C.P. 60(b)(5) relief, even where new trial motion based on same misconduct was automatically denied under C.R.C.P. 59(j)).

■ Here, defendants did not file their C.R.C.P. 60(b) motion in order to obtain a new trial; their motion specifically requested the vacation, and then the immediate re-entry, of the judgment. The sole purpose of this motion was to relieve defendants from the effect of their prior untimely actions by having the trial court enter a new, but identical, judgment from which a new appeal could be taken. We conclude that, under such circumstances, the trial court was not required to consider the vari-

ous factors that it normally would be charged with assessing under *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986). Rather, to determine defendants' right to relief, it was required to decide whether the grounds asserted for such relief presented an "extreme situation" or a "unique circumstance" under *Canton Oil v. District Court, supra*.

■ Upon this issue, defendants' failure to perfect a timely appeal was not the type of "excusable neglect" that warrants relief under C.R.C.P. 60(b)(1), *Cavanaugh v. Department of Social Services, supra*, and they have failed to demonstrate any affirmative action by the trial court upon which they could have reasonably relied in not perfecting a timely appeal. *Cf. Tyler v. Adams County Department of Social Services*, 697 P.2d 29 (Colo.1985) (although the failure to file post-trial motion under C.R.C.P. 59(f) was jurisdictional defect to appeal, trial court did not err in granting relief from judgment on basis of excusable neglect where party seeking relief relied on trial court's affirmative, but improper, order dispensing with filing of post-trial motion). Further, the substantive grounds upon which they relied to justify the relief requested were all claims of rather pedestrian error during the course of the trial, and thus, they did not, as a matter of law, present the type of circumstance that would warrant relief under C.R.C.P. 60(b)(5); it was, by no means, a *Canton Oil* situation. Hence, the trial court properly denied defendants' motion.

### III.

■ Defendants also contend that the trial court erred by ruling upon their motion before the time set by C.R.C.P. 121 § 1–15 for them to file a reply to plaintiff's memorandum in opposition to their motion. We agree that defendants should have been granted the right to file such a reply. However, since the materials before the trial court were entirely documentary, so that we are not bound by the trial court's

findings and conclusions, *Burks v. Verschuur*, 35 Colo.App. 121, 532 P.2d 757 (1974), and since defendants have been given the right to present full argument, both written and oral, before this court, the trial court's action did not result in any ultimate prejudice to them. *See* C.A.R. 35(e); *Denver Land & Security Co. v. Rosenfeld Construction Co.*, 19 Colo. 539, 36 P. 146 (1894).

ORDER AFFIRMED.

TURSI and JONES, JJ., concur.