**Victor D. MOLITOR and Molitor Industries, Inc., Petitioners,**

v.

**Donald L. ANDERSON, Respondent.**

**No. 89SC13.**

Supreme Court of Colorado,
En Banc.

July 16, 1990.

As Corrected July 23, 1990.

Rehearing Denied Aug. 27, 1990.

Dickinson, Everstine, Kelly & Prud'Homme, P.C., Gilbert A. Dickinson,

Leonard M. Cooper, Denver, for petitioners.

Netzorg & McKeever, P.C., J. Nicholas McKeever, Jr., Gordon W. Netzorg, Denver, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *Anderson v. Molitor*, 770 P.2d 1305 (Colo.App.1988), the Court of Appeals affirmed the trial court's order denying a motion filed pursuant to Rule 60(b) of the Colorado Rules of Civil Procedure by petitioners, Victor D. Molitor and Molitor Industries, Inc. (defendants), requesting the trial court to vacate a judgment previously entered against defendants and in favor of respondent, Donald L. Anderson (plaintiff). We granted certiorari to review the Court of Appeals' conclusion that the trial court had jurisdiction to consider and deny the motion even though a notice of appeal of the judgment had been filed prior to the date upon which the motion was filed. We reverse.

I

The relevant facts are not in dispute. In 1982, plaintiff filed a civil action against defendants seeking damages for alleged wrongful termination of employment, slander, and outrageous conduct. On July 10, 1986, after a jury returned a verdict in favor of plaintiff on his wrongful discharge and slander claims, the trial court entered judgment against defendants in the amount of $622,420.86. Defendants filed a motion for new trial pursuant to C.R.C.P. 59 on August 7, 1986. The trial court requested the parties to file briefs, and on November 17, 1986, entered an order denying the motion.[1] Defendants filed a notice of appeal on January 2, 1987, but did not apply for a stay of execution.

On January 12, 1987, while the appeal was pending, defendants filed a motion with the trial court for relief from judgment pursuant to C.R.C.P. 60(b)(1), (2) and (5). The motion alleged that plaintiff had

---

**1.** The motion was denied effective October 6, 1986, by operation of C.R.C.P. 59(j), which rule deems a post-trial C.R.C.P. 59 motion not determined within 60 days of the date of the filing thereof to be denied. *Canton Oil v. District Court*, 731 P.2d 687 (Colo.1987).

filed a motion to dismiss defendants' appeal on the ground that it was untimely filed; asserted that if the appeal were dismissed defendants "will be exposed to entry of the judgment on the basis of excusable negligen[ce] in the filing of the Notice of Appeal"; and requested the trial court to vacate its initial judgment and enter a new judgment, thus initiating a new period within which to file an appeal. In support of their C.R.C.P. 60(b) motion, the defendants argued that certain conduct of the initial trial judge during the pendency of their C.R.C.P. 59 motion had so misled them, to their prejudice, that the unique circumstances doctrine of *Converse v. Zinke*, 635 P.2d 882 (Colo.1981), should be applied to relieve them from the mandatory provisions of C.R.C.P. 59(j).[2] Defendants submitted the same arguments to the Court of Appeals in response to the plaintiff's motion to dismiss their appeal.

On February 5, 1987, while defendants' C.R.C.P. 60(b) motion was pending in the trial court, the Court of Appeals dismissed defendants' appeal on the ground that it had not been timely filed. Defendants' petition for rehearing was denied on March 5, 1987, and this court subsequently denied certiorari. The mandate of the Court of Appeals entered on June 19, 1987.

On February 12, 1987, the trial court denied defendants' C.R.C.P. 60(b) motion on the merits. The trial court concluded that the motion had not been timely filed for purposes of C.R.C.P. 60(b)(1) and (2), and further held that, assuming the motion had been timely filed for purposes of C.R.C.P. 60(b)(5), defendants had failed to establish excusable neglect.

On appeal, the Court of Appeals affirmed the trial court's order. The court held that the trial court had jurisdiction to deny defendants' C.R.C.P. 60(b) motion to vacate judgment even though prior to filing the motion defendants had perfected an appeal of that very judgment by filing a notice of appeal. The Court of Appeals indicated that the trial court did not have jurisdiction

to grant defendants' C.R.C.P. 60(b) motion in the absence of an order remanding the case to the trial court for that purpose.

## II

The issue for determination is whether, after an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court retains jurisdiction to consider and deny a C.R.C.P. 60(b) motion to vacate that judgment. Because courts have developed different answers to this question, the issue "is not free from doubt." Wright & Miller, *Federal Practice & Procedure* § 2873 at 263 (1973).

In reaching its conclusion, the Court of Appeals properly noted that a majority of federal circuit courts of appeal that have considered the issue in the context of Fed. R.Civ.P. 60(b) motions to vacate judgment have determined that United States district courts retain jurisdiction to deny, but not to grant such a motion after an appeal of the judgment has been perfected. *Textile Banking v. Rentschler*, 657 F.2d 844 (7th Cir.1981); *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39 (1st Cir.1979), *cert. denied* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981); *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303 (8th Cir.1977); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir.1976); *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343 (6th Cir.1976); *Salsbury v. United States*, 123 U.S.App. D.C. 69, 356 F.2d 822 (D.C.Cir.1966). *See* Wright & Miller, *Federal Practice & Procedure* § 2873 at 263–66 (1973). *See also Jusino v. Zayas*, 875 F.2d 986 (1st Cir. 1989); *Brown v. United Ins. Co. of Am.*, 807 F.2d 1239 (5th Cir.1987). This procedural rule stems in part from the recognition that although the filing of a notice of appeal generally results in the transfer of jurisdiction over the entire case to the appellate court, the trial court is not divested of all jurisdiction but by necessity retains authority to aid the appellate process. *Puerto Rico v. SS Zoe Colocotroni*, 601

---

**2.** The initial trial judge had granted motions by plaintiff and by defendants to extend the time within which to file briefs and allegedly had indicated that he would set those motions for oral argument.

F.2d at 41. Orders denying Fed.R.Civ.P. 60(b) motions are viewed by these authorities as orders that aid the appellate process. *Id.* at 41. Courts also find support for this conclusion in the suggestion that trial courts are in the best position to evaluate quickly the merits of such a motion. *Id.* at 41.

Other federal circuit courts of appeal have adopted the view that a trial court does not retain jurisdiction to deny or to grant a Fed.R.Civ.P. 60(b) motion to vacate judgment after an appeal of that judgment has been perfected in the absence of an appellate court order remanding the case to the trial court for that purpose. *Contemporary Mission, Inc. v. United States Postal Serv.,* 648 F.2d 97 (2d Cir.1981); *Smith v. Lujan,* 588 F.2d 1304 (9th Cir. 1979); *Zig Zag Spring Co. v. Comfort Spring Corp.,* 200 F.2d 901 (3d Cir.1953). Those courts conclude that whatever minimal jurisdiction trial courts retain over a case after a judgment entered therein has been appealed does not include jurisdiction to act in any manner on requests to modify that judgment.[3]

State courts also differ with respect to the proper resolution of the issue here posed. Several such courts have concluded that under applicable procedural rules a trial court does not retain jurisdiction to either deny or grant a motion to modify a judgment after an appeal of that judgment has been perfected in the absence of an order by the appellate court remanding the case for that purpose. *Simpson v. Simpson,* 233 Ga. 17, 209 S.E.2d 611 (1974); *Erickson v. State,* 444 A.2d 345 (Me.1982); *State v. Hansen Lumber Co., Inc.,* 86 N.M. 312, 523 P.2d 810 (1974); *Nichola v. John Hancock Mut. Life Ins. Co.,* 471 A.2d 945 (R.I.1984); *Kotz v. Kotz,* 134 Vt. 36, 349 A.2d 882 (1975); *Ferrara v. Belcher,* 483 So.2d 477 (Fla.Dist.Ct.App.1986). Other state courts have adopted the rule approved by the majority of federal circuit courts of appeal. *See Commonwealth v. Cronk,* 396 Mass. 194, 484 N.E.2d 1330 (1985); *Huneycutt v. Huneycutt,* 94 Nev.

79, 575 P.2d 585 (1978); *Menno State Bank v. City of Menno,* 297 N.W.2d 460 (S.D.1980); *Baker v. Western Sur. Co.,* 757 P.2d 878 (Utah App.1988).

Courts universally recognize the general principle that once an appeal is perfected jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal. *Schnier v. District Court,* 696 P.2d 264, 267 (Colo.1985). Such divestiture or transfer principle is essential to the efficient administration of appellate processes and is an important adjunct to the concept of the finality of judgments. *People v. District Court,* 638 P.2d 65, 66 (Colo. 1981). Once a judgment is final, *see* Fed.R. Civ.P. 54, C.R.C.P. 54, trial court proceedings concerning the substance of that judgment are concluded and the appellate court assumes control over all matters pertaining to the propriety thereof. The appellate process would indeed become a quagmire of uncertainty if parties could obtain trial court alteration of rulings subject to an appeal during the pendency of that appeal.

Of course, trial courts by necessity retain jurisdiction to aid the parties to an appeal in their efforts to perfect the record of the trial court proceedings. *See* C.A.R. 10(a)(3). Furthermore, a motion to enforce a judgment may be determined by a trial court during the pendency of an appeal of that judgment. *Lay v. District Court,* 171 Colo. 472, 468 P.2d 375 (1970). However, such collateral post-judgment proceedings do not challenge the propriety of the judgment itself.

The transfer or divestiture principle requires an appellate court to exercise responsibility for the process of the appeal from the moment the appeal is filed. While an appellate court must endure some measure of inconvenience when required to consider a motion to remand a case for trial court action, it seems appropriate that such court be informed of so significant a devel-

---

**3.** In at least one circuit, different panels of the same circuit court of appeals have reached contrary results. *Compare Aune v. Reynders,* 344

F.2d 835 (10th Cir.1965), *with Norman v. Young,* 422 F.2d 470 (10th Cir.1970).

opment as the determination by a party to an appeal that grounds exist to justify setting aside all or part of the judgment. In the absence of such information, the appellate court might determine the merits of an appeal at the same time the trial court is determining the results of a motion to vacate the judgment that forms the basis of the appeal.

It must also be noted that while a trial court may be better equipped than an appellate court to evaluate quickly the merits of a motion to vacate judgment, that fact does not justify the conclusion that no remand need be required to permit a trial court to deny such a motion. A request for a remand to permit the trial court to rule on a motion to vacate judgment does not require the appellate court to determine the merits of the motion, but only to determine whether the motion contains sufficient allegations to satisfy the requirements of C.R. C.P. 60(b). Indeed, in the absence of the pertinent record a trial court may be unable to evaluate for any purpose the merits of a motion to vacate judgment.

This court has previously recognized the principle that the filing of a notice of appeal divests a trial court of authority to consider matters of substance affecting directly the judgment appealed from. *Schnier v. District Court*, 696 P.2d 264 (Colo. 1985); *McLeod v. Provident Mut. Life Ins. Co.*, 186 Colo. 234, 526 P.2d 1318 (1974); *Larrick v. Burt Chevrolet, Inc.*, 147 Colo. 133, 362 P.2d 1030 (1961); *Brooke v. People*, 139 Colo. 388, 339 P.2d 993 (1959); *Scott v. Watkins*, 61 Colo. 244, 157 P. 3 (1916); *Norris v. Kelsey*, 60 Colo. 297, 152 P. 1167 (1915). In *Davidson v. Denver*, 137 Colo. 575, 328 P.2d 377 (1958), *cert. denied* 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959), we held that during the pendency of an appeal of a judgment the trial court had no jurisdiction to vacate the judgment and conduct a new trial. Similarly, in *Fish v. Charnes*, 652 P.2d 598 (Colo.1982), we held that during the pendency of an appeal of an order of dismissal the trial court had no jurisdiction to vacate that order. While neither *Davidson* nor *Fish* involved the question of a trial court's jurisdiction to deny a motion to vacate judg-

ment, the rationales of those decisions strongly suggest that under our procedural rules for the appeal of civil cases a trial court loses jurisdiction to consider any question concerning the substance of a final judgment after an appeal of that judgment had been perfected.

In *Valdez v. District Court*, 720 P.2d 974 (Colo.1986), we held that the perfection of an appeal of a judgment of conviction in a criminal case divested the trial court of jurisdiction to consider a prosecutorial motion to determine the propriety of continued representation of the defendant by the office of the public defender. In *People v. District Court*, 638 P.2d 65 (Colo.1981), another criminal proceeding, we concluded that a trial court had no jurisdiction to consider a motion to reduce sentence pursuant to Crim. P. 35(b) during the pendency of an appeal of the underlying judgment of conviction. We noted that a contrary rule would undermine the principle of finality of trial court judgments. *Id.* at 67. We articulated similar views in *People v. Jones*, 631 P.2d 1132, 1133 (Colo.1981).

These decisions support the conclusion that in this jurisdiction a trial court may not determine matters affecting the substance of a judgment once an appeal of that judgment has been perfected unless the appellate court issues an order remanding the judgment to the trial court for that purpose. Such policy emphasizes the central responsibility of appellate courts to control the course of an appeal. While the definition of matters collateral to an appealed judgment may on occasion present difficulties, the rule offers a relatively clear principle for the governance of appellate proceedings.

The Court of Appeals relied on *Rivera v. Civil Service Commission*, 34 Colo.App. 152, 529 P.2d 1347 (1974), to support its conclusion that the trial court retained jurisdiction to deny defendants' C.R.C.P. 60(b) motion to vacate judgment after an appeal of that judgment had been perfected. That case arose in the context of a civil action seeking judicial review of an administrative ruling of the Civil Service Commission of the City and County of Denver. At the

**270**

time the complaint was filed the trial court issued an ex parte order enjoining certain conduct of the defendants. The defendants perfected an appeal of that order, and during the pendency of the appeal the trial court sua sponte issued an order modifying the terms of its original injunction. Certain plaintiffs then filed a motion with the Court of Appeals requesting that court to stay the trial court's modification order.

The Court of Appeals denied the motion for stay, observing that C.R.C.P. 62(c) expressly authorizes a trial court to modify the terms of an injunction during the pendency of an appeal of the injunctive order. However, the court stated that C.R.C.P. 62(c) does not authorize a trial court to enter an order "which alters the rights granted or created by the original order." *Id.*, 34 Colo.App. at 155, 529 P.2d at 1348. The court then indicated that during the pendency of an appeal a trial court retains jurisdiction to deny a motion to modify an injunctive order, but that "if the trial court indicates it would grant the motion, then the proper procedure is for the movant to petition the appellate court to remand the case in order that the trial court may grant such motion." *Id.*, 34 Colo.App. at 155, 529 P.2d at 1348.

*Rivera* does not support the defendants' position here. In that case the motion filed during the pendency of the appeal was a motion to modify the terms of an injunction, pursuant to C.R.C.P. 62(c). That rule specifically authorizes the filing of such a motion during the pendency of an appeal, and constitutes an express exception to the general divestiture principle. C.R.C.P. 60(b) contains no similar language.

In this case, defendants requested the trial court to vacate the very judgment that is the subject of the appellate process they had previously initiated. They did not seek an order of the appellate court remanding the case to the trial court for consideration of their motion. Although the appeal was filed late and was therefore ultimately dismissed, the Court of Appeals had jurisdiction from the time the notice of appeal was filed to consider the timeliness of the appeal and whether, in the exercise of its discretion, to permit the late filing. C.A.R.

26(b); *Estep v. People*, 753 P.2d 1241 (Colo. 1988). Under what we view as the rule most conducive to the effective administration of the appellate process, we conclude that subsequent to the filing of the notice of appeal on January 2, 1987, the trial court did not retain jurisdiction to consider the defendants' C.R.C.P. 60(b) motion to vacate the judgment appealed from in the absence of an order issued by the Court of Appeals remanding the case to the trial court for that purpose. Any inconvenience engendered by such procedural requirement constitutes a modest price to pay in exchange for the certainty and efficiency of appellate process it assures.

### III

The Court of Appeals affirmed the trial court's order denying defendants' C.R.C.P. 60(b) motion to vacate judgment. We have concluded that the Court of Appeals erred in holding that the trial court retained jurisdiction to consider and deny the motion subsequent to the filing of a notice of appeal of that very judgment. The trial court should have dismissed defendants' motion because, absent a remand of the case to the trial court by the Court of Appeals, the trial court had no jurisdiction to consider such motion. We therefore reverse the Court of Appeals' judgment affirming the trial court's order.

### IV

For the foregoing reasons, the judgment of the Court of Appeals is reversed.