The STATE of Colorado, for the Use of the DEPARTMENT OF CORRECTIONS, Plaintiff–Appellant,

v.

Federico PENA, Mayor of City and County of Denver, J.D. MacFarlane, Manager of Safety, City and County of Denver, John Simonet, Director of Corrections for the City and County of Denver, Mose Trujillo, Warden of the Jail for the City and County of Denver, Sal Carpio, Robert Crider, Kathy Donohue, Stephanie Foote, Ted Hackworth, Nieves McIntyre, Kathy Reynolds, William Roberts, William Scheitler, John Silchia, and Paul Swalm, City Council Members, City and County of Denver, Defendants–Appellees.

No. 91CA0960.

Colorado Court of Appeals,
Div. II.

July 16, 1992.

Rehearing Denied Aug. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Daniel E. Muse, City Atty., Stan M. Sharoff, Asst. City Atty., Denver, for defendants-appellees.

Opinion by Judge SMITH.

The State Department of Corrections (State) appeals from a judgment of the district court denying its motion for relief under C.R.C.P. 60(b)(5). We dismiss the appeal.

In May 1986, because of overcrowded conditions in the Denver county jail, the City and County of Denver refused the State's request to incarcerate a parole violator. In response, the State filed the action here at issue to compel Denver to accept any parole violator tendered to it for safekeeping. Denver counterclaimed, seeking, *inter alia*, an order to compel the State to remove its prisoners from Denver's jail immediately and to enjoin future backlogging of prisoners awaiting transportation to the Department of Corrections.

In September 1987, the district court issued a permanent injunctive order requiring the State to remove all backlogged prisoners from Denver's jail immediately and to remove all future State prisoners from Denver's jail within seventy-two hours of sentencing. The court also ruled that Denver, given the extreme overcrowding at its jail, was not obligated to accept "technical" parole violators tendered to it by State authorities. Lastly, the district court ruled that the State owed Denver $835,000 pursuant to § 17–1–112, C.R.S. (1986 Repl.Vol. 8A) for the care and housing of State prisoners.

In November 1987, the State timely filed its notice of appeal with this court. On appeal, the State contested only the latter two rulings of the district court's judgment set forth above. This court affirmed the judgment of the district court in favor of

Denver. *See State v. Pena,* 837 P.2d 210 (Colo.App.1992).

In April 1991, the State filed the motion at issue here seeking to modify the injunctive order issued as part of the 1987 judgment, citing conflicting orders from other federal and state courts. The court, after an evidentiary hearing, denied the motion. The State then filed this appeal arguing that the district court's denial constituted an abuse of discretion.

Denver initially contends that the district court's denial is not a reviewable order. The crux of Denver's argument is that the court lacked jurisdiction to consider and rule on the State's motion. We agree.

*Molitor v. Anderson,* 795 P.2d 266 (Colo. 1990) is dispositive. There, the supreme court held, in essence, that the filing of a notice of appeal results in a transfer of jurisdiction over the judgment to the appellate court, thereby divesting the trial court of jurisdiction to entertain a motion under C.R.C.P. 60(b). Specifically, the court stated:

> A trial court may not determine matters affecting the substance of a judgment once an appeal of that judgment has been perfected *unless the appellate court issues an order remanding the judgment to the trial court for that purpose.* (emphasis added)

Here, no remand was issued. Hence, the district court did, indeed, lack jurisdiction to entertain the State's motion under C.R.C.P. 60(b)(5). Moreover, inasmuch as the injunctive order was clearly a substantive part of the district court's judgment, we reject, as without merit, the State's argument that because the injunction itself was not attacked on appeal in *State v. Pena, supra,* jurisdiction over this part of the judgment never shifted to the Court of Appeals.

The appeal is dismissed.

TURSI and PLANK, JJ., concur.