2012 CO 70

**In the Interest of Karah MADRONE, Petitioner,**

and

**Lorrena MADRONE, Respondent.**

**No. 12SA222.**

Supreme Court of Colorado,
En Banc.

Nov. 27, 2012.

Gutterman Griffiths PC, Heather Broxterman, Littleton, Colorado, Attorneys for Petitioner.

Lorrena Thomson Madrone, Bonanza, Oregon, Pro Se.

American Academy of Matrimonial Lawyers, Colorado Chapter, Kimberly R. Willoughby, Denver, Colorado, Attorneys for Amicus Curiae.

Justice RICE delivered the Opinion of the Court.

¶1 In this original proceeding under C.A.R. 21, Lorrena Madrone seeks review of an order of the Boulder County District Court determining that it has jurisdiction to

enter initial orders in a dispute concerning the allocation of parental responsibilities for four-year-old R.M.

¶ 2 We issued a Rule to Show Cause to decide whether the trial court erred when it assumed jurisdiction to make initial child custody determinations in this matter based on the parties' "inten[t] to indefinitely change their residence to Colorado" rather than based on the analysis required under the Uniform Child-custody Jurisdiction and Enforcement Act ("UCCJEA").

¶ 3 We hold that the trial court applied the incorrect legal standard when it concluded that jurisdiction is proper in Colorado. The trial court should have applied the jurisdictional test required under the UCCJEA as specified in section 14–13–201, C.R.S. (2012). Accordingly, we vacate the trial court's order, make the rule absolute, and remand for further proceedings consistent with this opinion.

### I. Facts and Procedural History

¶ 4 Karah Madrone, Lorrena Madrone, and their four-year-old daughter R.M. moved from Oregon to Boulder, Colorado.[1] Shortly after the move, the relationship between Karah and Lorrena soured and the two separated. Lorrena had R.M. with her full time, and at first permitted visits between R.M. and Karah. Soon, Lorrena cut off contact between R.M. and Karah. Lorrena then took R.M. to New Mexico, and then to Oregon.

¶ 5 The parties agree that Lorrena and R.M. left Colorado less than six months from the time that they arrived. Karah remained in Colorado.

¶ 6 Karah filed several motions in the Boulder County District Court seeking allocation of parental responsibilities for R.M. The trial court issued a number of orders with respect to whether it had jurisdiction to allocate parental responsibilities. First, the trial court declined to exercise emergency jurisdiction under the Uniform Abduction Prevention Act. Second, the trial court determined that Colorado is not R.M.'s home state. Finally, in the June 21, 2012, order

1. The parties contest the facts of this case.

giving rise to the C.A.R. 21 petition now before this Court, the trial court held that it had jurisdiction to determine initial child custody matters based on the parties' "inten[t] to indefinitely change their residence to Colorado."

¶ 7 We now review the trial court's assumption of jurisdiction and determine that whether the parties intended to reside in Colorado is not the test for jurisdiction under the UCCJEA; therefore, the trial court erred when it concluded that it had jurisdiction on these grounds. As such, we hold that the trial court failed to conduct the proper analysis as required under section 14–13–201 to determine whether it had jurisdiction to make an initial child custody determination.

### II. C.A.R. 21 Jurisdiction

¶ 8 This Court may exercise original jurisdiction pursuant to C.A.R. 21 to provide extraordinary relief when appellate review will not provide an adequate remedy. C.A.R. 21; *In re Marriage of Dedie*, 255 P.3d 1142, 1145 (Colo.2011); *In re Marriage of Hall*, 241 P.3d 540, 542 (Colo.2010). In this case, properly deciding whether a Colorado court has jurisdiction under the UCCJEA is the necessary first step to determining the allocation of parental responsibilities for R.M. Moreover, the swift resolution of parenting time and decision making responsibility impacts the short- and long-term stability of R.M.'s life and her relationship with the parties. Under these circumstances, appeal is not an adequate remedy. Thus, we determine that it is appropriate to exercise our original jurisdiction in this matter. *See In re Marriage of Dedie*, 255 P.3d at 1145.

### III. Analysis

#### A. Standard of Review

¶ 9 The question of whether a trial court has jurisdiction over a child custody proceeding presents a question of law which this Court reviews de novo. *Brandt v. Brandt*, 2012 CO 3, ¶ 18, 268 P.3d 406, 410; *In re L.S.*, 257 P.3d 201, 204 (Colo.2011).

## B. Jurisdiction Under Section 14–13–201

¶ 10 In Colorado, the UCCJEA governs whether a court has jurisdiction with respect to matters relating to the care and control of a child, including allocation of parental responsibilities. §§ 14–13–101 to –403, C.R.S. (2012). Particularly relevant to this case, Colorado's UCCJEA provides standards to guide the court in its determination of whether or not to exercise jurisdiction over initial child custody determinations in section 14–13–201.[2] See also People ex rel. A.J.C., 88 P.3d 599, 608 (Colo.2004). The statute explicitly provides that, except in the event of an emergency,[3] the jurisdictional grounds delineated offer the "exclusive jurisdictional basis for making a child-custody determination by a court of this state." § 14–13–201(2). Absent emergency jurisdiction, a court must analyze the grounds set forth in section 14–13–201 to ascertain whether it has jurisdiction to make an initial child custody determination.

### 1. Home State Jurisdiction

¶ 11 The first step in determining whether the trial court has jurisdiction under the UCCJEA is to determine whether Colorado is the child's home state under the statute.

2. Section 14–13–201 provides:

(1) Except as otherwise provided in section 14–13–204, a court of this state has jurisdiction to make an initial child-custody determination only if:
(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within one hundred eighty-two days before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
(b) A court of another state does not have jurisdiction under a provision of law adopted by that state that is in substantial conformity with paragraph (a) of this subsection (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under a provision of law adopted by that state that is in substantial conformity with section 14–13–207 or 14–13–208, and:
(I) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

§ 14–13–201(1)(a). Section 14–13–102(7)(a), C.R.S. (2012), defines a child's home state for a child older than six months as "the state in which a child lived with a parent or a person acting as a parent for a least one hundred eighty-two consecutive days immediately before the commencement of a child-custody proceeding." The statute goes on to explain that "[a] period of temporary absence of any of the mentioned persons is part of the period." Id. The UCCJEA prioritizes home state jurisdiction for initial orders. § 14–13–201, official cmt. 1; In re L.S., 257 P.3d at 206–07 ("the UCCJEA prioritizes home state jurisdiction"); People ex rel. A.J.C., 88 P.3d at 609 (same).

■ ¶ 12 Here, the trial court began a home state analysis. In its May 16, 2012, Order Regarding Respondent's Motion to Dismiss for Lack of Jurisdiction, it stated that, "it is undisputed that [R.M.] did not reside in Colorado for six months prior to the time the Petition for Allocation of Parental Responsibilities was filed in this case." The trial court then instructed the parties to appear for a hearing to determine whether the Colorado court had jurisdiction which it would determine by examining: (1) whether the parties intended to permanently relocate

(II) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
(c) All courts having jurisdiction under a provision of law adopted by that state that is in substantial conformity with paragraph (a) or (b) of this subsection (1) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under a provision of law adopted by that state that is in substantial conformity with section 14–13–207 or 14–13–208; or
(d) No court of any other state would have jurisdiction under the criteria specified in a provision of law adopted by that state that is in substantial conformity with paragraph (a), (b), or (c) of this subsection (1).
(2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.
(3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

3. The requirements for temporary emergency jurisdiction are outlined in section 14–13–204, C.R.S. (2012).

to Colorado; and (2) whether another state had jurisdiction or had declined jurisdiction. From this order, we infer that the trial court held that Colorado is not R.M.'s home state. Because R.M. had not lived with a parent in Colorado for the six months preceding the petition for allocation of parental responsibilities, we agree that Colorado is not R.M.'s home state.

■ ¶ 13 After assessing whether Colorado is R.M.'s home state, the trial court erroneously turned its analysis to whether the parties intended to permanently reside in Colorado. It should have conducted the jurisdictional analysis required under section 14–13–201. To reach a decision with respect to jurisdiction, the trial court had to determine whether another state would have home state jurisdiction as required by section 14–13–201(1)(b). Without conducting the prerequisite step of determining that no other state qualified as R.M.'s home state, the trial court could not, and indeed did not, properly analyze whether Colorado had jurisdiction based on any of the three alternative grounds provided under section 14–13–201(1)(b)–(d) and discussed below.

### 2. Alternatives When There Is No Home State Jurisdiction

¶ 14 In the event that no state qualifies as the child's home state, the court must look to the other factors enumerated in section 14–13–201 to determine whether Colorado has jurisdiction. The UCCJEA provides that if there is no home state, jurisdiction can be found if one of three alternative grounds is established. § 14–13–201.

¶ 15 The first alternative jurisdictional ground is what is commonly referred to as "significant connection" jurisdiction. It arises when no other state has home state jurisdiction; the child and at least one parent or person acting as a parent has a significant connection with this state other than mere physical presence; and there is substantial evidence available in this state concerning the child's care, protection, training, and personal relationships. § 14–13–201(1)(b). In the case before us here, the trial court did not make any findings regarding the "significant connections" jurisdiction test—including whether substantial evidence is available in Colorado—to support its assumption of jurisdiction.

¶ 16 "More appropriate forum" jurisdiction is the second alternative to home state jurisdiction. "More appropriate forum" jurisdiction may be assumed when, in the absence of a home state, all states with "significant connection" jurisdiction have declined to act on the ground that Colorado is a more appropriate forum. § 14–13–201(1)(c). This vehicle for jurisdiction is only available if a jurisdiction in another state determines that Colorado is a more appropriate forum. *Id.* ("All courts having jurisdiction under a provision of law adopted by that state that is in substantial conformity with [section 14–13–201(1)(a) or (1)(b) ] have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child . . . ."). In this case, the record does not indicate that another state has entered orders or been petitioned to invoke its jurisdiction over the child custody proceedings.[4] That is, no state has declined jurisdiction based on Colorado's status as the "more appropriate forum." Therefore, the trial court could not have assumed jurisdiction under the "more appropriate forum" provision of the statute.

¶ 17 The third alternative ground for jurisdiction under the UCCJEA is what is commonly referred to as "last resort" jurisdiction. Under section 14–13–201(1)(d), when there is no home state, and no other court has "significant connection" jurisdiction, and no other court has "more appropriate forum" jurisdiction, then the court may assert jurisdiction as the court of "last resort." Here, because a full analysis was not conducted, the trial court could not have assumed jurisdiction on a "last resort" basis.

---

4. The record before us indicates that Lorrena has filed a petition in Oregon to dissolve the relationship, but did not include a request for a determination of allocation of parenting time or decision-making responsibility of R.M. Thus, to this Court's knowledge, the Oregon court has not been invited to exercise its jurisdiction.

## IV. Conclusion

¶ 18 We hold that the trial court failed to properly analyze jurisdiction under Colorado's UCCJEA. The intent of the parties to remain in Colorado is not the test for whether the court has jurisdiction to determine initial custody matters. Rather, the trial court must analyze whether it has jurisdiction in this initial custody determination under Colorado's UCCJEA as codified at section 14–13–201. Because the trial court applied the incorrect legal standard in determining jurisdiction, it erred when it held that Colorado had jurisdiction to determine the custody dispute concerning R.M. Accordingly, we vacate the trial court's order assuming jurisdiction, make the rule absolute, and remand this case for the trial court to conduct a full analysis under Colorado's UCCJEA, section 14–13–201.