Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 95**

**No. 18SC84,** *Walton v. People* — **Statutory Interpretation — Plain Language —
Probation — Medical Marijuana.**

In this opinion, the supreme court reviews a district court's review of a
county court's interpretation and application of section 18-1.3-204(2)(a)(VIII),
C.R.S. (2019).  The supreme court holds that the statute's plain language creates a
presumption that a defendant who is sentenced to a term of probation may use
medical marijuana unless one of the enumerated exceptions applies.  The
prosecution bears the burden of overcoming the presumption.  The relevant
exception in this case requires the court to make particularized findings, based on
material evidence, that prohibiting this defendant's otherwise-authorized medical
marijuana use is necessary and appropriate to promote statutory sentencing goals.
Because the county court made no such findings here, the supreme court
disapproves of the district court's order affirming the county court's decision.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 95

## Supreme Court Case No. 18SC84
*Certiorari to the District Court*
El Paso County District Court Case No. 17CV30785
Honorable G. David Miller, Judge

## Petitioner:

Alysha Walton,

v.

## Respondent:

The People of the State of Colorado.

## Judgment Disapproved
*en banc*
November 18, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Cayce Duncan, Deputy Public Defender
  *Colorado Springs, Colorado*

**Attorneys for Respondent:**
Daniel H. May, District Attorney, Fourth Judicial District
Alexandra Staubach, Deputy District Attorney
Tanya A. Karimi, Deputy District Attorney
  *Colorado Springs, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.

¶1 Alysha Walton pled guilty to driving under the influence ("DUI"), and the county court sentenced her to twelve months of unsupervised probation. Because Walton did not provide a medical professional to testify regarding her authorization to use medical marijuana, the court, as a condition of probation, prohibited Walton from using medical marijuana. Walton appealed, and the district court affirmed the county court's decision.

¶2 We hold that the plain language of section 18-1.3-204(2)(a)(VIII), C.R.S. (2019) ("the probation conditions statute"), creates a presumption that a defendant may use medical marijuana while serving a sentence to probation unless a statutory exception applies. The relevant exception here applies if the sentencing court finds, based on material evidence, that prohibiting this defendant's otherwise-authorized medical marijuana use is necessary and appropriate to promote statutory sentencing goals. Because the county court made no such findings here, we disapprove of the district court's judgment affirming the county court's decision. (Because the defendant has completed her sentence, reversing and remanding would be pointless.)

## I. Facts and Procedural History

¶3 Walton was pulled over one night for speeding and weaving. The police officers who stopped her smelled alcohol and asked her to submit to roadside sobriety testing. When she failed to perform the maneuvers to the

officers' satisfaction, the officers arrested her. She told them she had consumed two alcoholic beverages that night and no other intoxicants. There is no evidence contradicting Walton's assertion that the only intoxicant she had consumed was alcohol. Indeed, the record reveals that the officers didn't even suspect that Walton was under the influence of anything other than alcohol. The results of a chemical test revealed that Walton's breath alcohol content was above the legal limit for driving.

¶4 Walton was charged with DUI, DUI per se, and speeding. She pled guilty to the DUI offense and agreed to a deferred judgment and sentence in exchange for dismissal of the other charges. During the presentence alcohol evaluation, Walton informed the probation officer that she had a medical marijuana registry identification card. At the initial sentencing hearing, the county court judge asked if Walton would be requesting permission to use medical marijuana while on probation; if so, the court stated, a medical professional would need to testify on her behalf. Apparently, this judge had a standing policy requiring such testimony if a defendant sought to use medical marijuana while on probation. Counsel indicated that she would seek permission and requested a continuance to secure a medical professional.

¶5 At the subsequent sentencing hearing, counsel produced Walton's medical marijuana authorization card and several supporting documents to establish its authenticity but did not produce a medical professional to testify. The court entered Walton's guilty plea and sentenced her to twelve months of unsupervised probation. As a condition of probation, the court prohibited Walton from using medical marijuana.

¶6 Walton appealed the prohibition condition. The district court concluded that the county court had not abused its discretion in imposing the prohibition against medical marijuana use as a condition of probation. Walton then petitioned this court to review the district court's decision, and we granted certiorari.[1]

## II. Analysis

¶7 After briefly discussing the standard of review, we interpret section 18-1.3-204(2)(a)(VIII). We conclude that the statute's plain language

---

[1] We granted certiorari to review the following issue:

1. Whether the district court erred in finding no abuse of discretion where the trial court imposed a prohibition against the use of medical marijuana on probation without basing that prohibition on any material evidence that the prohibition was necessary and appropriate to accomplish the goals of sentencing, thereby denying her rights under the Colorado Constitution.

4

unambiguously creates a presumption that a defendant may use authorized medical marijuana while serving a term of probation. It also creates two exceptions to this presumption, only one of which is relevant here. We address (1) who bears the burden of establishing that exception and (2) what findings the court must make to invoke it.

## A. Mootness and Standard of Review

¶8 Walton completed her sentence on May 24, 2018. Thus, the issue on certiorari is arguably moot. But we choose to address it "because it falls within the exception to the mootness doctrine that allows review of 'important issues capable of repetition yet potentially evading review.'" *People v. Brockelman*, 933 P.2d 1315, 1318 (Colo. 1997) (quoting *People v. Quinonez*, 735 P.2d 159, 161 n.1 (Colo. 1987)). Were we to wait for another case like this one to find its way to us with a defendant still serving her sentence, we might wait in vain. DUI sentences are often shorter than the time necessary for appeal and certiorari review. Meanwhile, this important issue regarding a defendant's legislative permission to use medical marijuana while on probation will persist in El Paso County and perhaps elsewhere throughout the State of Colorado.

¶9 As for the standard of review, trial courts of course have broad discretion to craft appropriate conditions of probation. *Id.* But we review de

5

novo the county court's interpretation of section 18-1.3-204. *See People v. Iannicelli*, 2019 CO 80, ¶ 19, 449 P.3d 387, 391.

¶10 In so doing, our primary goal is to ascertain and give effect to the legislature's intent by looking first to the statute's language, giving words and phrases their plain and ordinary meanings. *Id.* If the legislative intent is clear from the plain language, we need look no further. *See Cowen v. People*, 2018 CO 96, ¶ 12, 431 P.3d 215, 218.

## B. The Probation Conditions Statute

¶11 The probation conditions statute provides that "[t]he conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the defendant will lead a law-abiding life and to assist the defendant in doing so." § 18-1.3-204(1)(a).

¶12 The statute further provides that as a condition of probation, the court may

> require that the defendant . . . [r]efrain from . . . any unlawful use of controlled substances, as defined in section 18-18-102(5), or of any other dangerous or abusable drug without a prescription; *except that the court shall not, as a condition of probation, prohibit the possession or use of medical marijuana*, as authorized pursuant to section 14 of article XVIII of the state constitution, *unless . . .*
>> (B) *The court determines, based on any material evidence, that a prohibition against the possession or use of medical marijuana is necessary and appropriate to accomplish the goals of sentencing as stated in section 18-1-102.5.*

6

§ 18-1.3-204(2)(a)(VIII) (emphases added).[2]

¶13    The foregoing language presumes that authorized medical marijuana use is permissible while a defendant is on probation. Critically, a court "shall not" prohibit the authorized use of medical marijuana as a condition of

---

[2] Section 18-1-102.5(1), C.R.S. (2019), the statute referenced in subpart (B), provides that the goals of sentencing are

    (a) To punish a convicted offender by assuring the imposition of a sentence he deserves in relation to the seriousness of his offense;

    (b) To assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences, providing fair warning of the nature of the sentence to be imposed, and establishing fair procedures for the imposition of sentences;

    (c) To prevent crime and promote respect for the law by providing an effective deterrent to others likely to commit similar offenses;

    (d) To promote rehabilitation by encouraging correctional programs that elicit the voluntary cooperation and participation of convicted offenders;

    (e) To select a sentence, a sentence length, and a level of supervision that addresses the offender's individual characteristics and reduces the potential that the offender will engage in criminal conduct after completing his or her sentence; and

    (f) To promote acceptance of responsibility and accountability by offenders and to provide restoration and healing for victims and the community while attempting to reduce recidivism and the costs to society by the use of restorative justice practices.

7

probation. § 18-1.3-204(2)(a)(VIII). "Shall" is mandatory unless there is a clear indication otherwise. *Riley v. People*, 104 P.3d 218, 221 (Colo. 2004).

¶14 The statute, however, also creates exceptions to this presumption by use of the word "unless." *See, e.g.*, *Greene v. State*, 186 A.3d 207, 220 (Md. Ct. Spec. App. 2018) (holding that use of "unless" in a statute creates an exception); *see also* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/unless [https://perma.cc/MS95-FAW3] (defining "unless" as "except on the condition that : under any other circumstance than").

¶15 The relevant exception here requires the court to determine, based on "material evidence," that a prohibition against the use of authorized medical marijuana while on probation is "necessary and appropriate to accomplish the goals of sentencing." § 18-1.3-204(2)(a)(VIII)(B).[3]

¶16 Generally, the party against whom a presumption is directed bears the burden of going forward with evidence to rebut it. CRE 301 ("[A] presumption imposes upon the party against whom it is directed the burden

---

[3] The statute also creates an exception where the defendant is sentenced to probation for a conviction under the Colorado Medical Marijuana Code; however, that exception is not at issue here.

of going forward with evidence to rebut or meet the presumption . . . .");

*People v. Juvenile Ct.*, 893 P.2d 81, 93 (Colo. 1995) (applying the premise of CRE 301 in a criminal context).

¶17    Here, because the presumption favors defendants by allowing them to use authorized medical marijuana while on probation, the burden of rebutting it falls on the prosecution.  It is therefore the prosecution's burden to point the court to material evidence showing why the court should prohibit this particular defendant from using authorized medical marijuana while on probation.  In considering the evidence, the sentencing court need not necessarily make explicit findings on each of the sentencing goals listed in section 18-1-102.5, but it must make findings sufficient to show that it has considered the sentencing goals and that a prohibition condition is necessary and appropriate to accomplish those goals in the case before it.[4]

---

[4] This is not to say that the prosecution necessarily has to produce evidence beyond what is likely already before the court, such as the presentence investigation report, the defendant's criminal history, and any evaluation that was conducted.  *See* CRE 1101(d)(3) (rules of evidence do not apply to sentencing proceedings).  But the court must make the required findings, based on material evidence, and considering this particular defendant and his or her circumstances before imposing a prohibition condition.  *See People v. Padilla*, 907 P.2d 601, 609 (Colo. 1995) ("The discretionary sentencing process is intended to allow individualized sentencing; the court tailors a sentence consistent with the defendant's prior behavior and other factors.").  And, if the evidence before the court is insufficient to show that such

9

¶18 That is not what happened here. At the sentencing hearing, the county court asked defense counsel if she had a medical professional available to testify for Walton. Defense counsel said no, though she had presented Walton's state-issued medical marijuana authorization card, the physician certificate that described Walton's medical conditions for which marijuana had been authorized, and the doctor's medical license information. After counsel argued that Walton should be able to use authorized medical marijuana while on probation, the court found that it had "no information about her medical situation and so [it had] nothing on which to base any kind of authority for medical marijuana." The court continued, finding "that without any kind of [countervailing] evidence presented by the Defense that generally speaking it's not appropriate for people in DUI classes to be under the influence of either alcohol or drugs." The court then imposed the prohibition condition.

¶19 In reviewing this decision, the district court first noted that the county court seemed to have a standing policy requiring any defendant who wished to use medical marijuana while on probation to present a medical

prohibition is necessary and appropriate for this defendant, then the prosecution has failed to carry its burden to overcome the presumption.

10

professional to testify that "there is appropriate authority for the use of medical marijuana." The district court found this policy reasonable in light of the sentencing goal of "providing fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentencing, providing fair warning of the nature of the sentence to be imposed, and establishing fair procedures for the imposition of sentences." The district court also found the county court's policy to be a reasonable way to verify a defendant's authorization to use medical marijuana and to reduce the risk of recidivism. Accordingly, the district court concluded that the county court had not abused its discretion by requiring Walton to prove "the basis and existence of [her] medical marijuana registration" with testimony from a medical professional and by then prohibiting medical marijuana use as a condition of probation when Walton failed to produce such testimony.

¶20 For two reasons, we disagree. First, the authenticity of Walton's medical marijuana card was not at issue in this case—no one argued that Walton had not lawfully obtained her card or that she lacked state-sanctioned authority to use medical marijuana. Thus, the district court's focus on the county court's desire to further probe the legitimacy of Walton's authorization was misplaced. To the extent that the county court sought more than a valid card to establish that Walton was "authorized," as that

11

term is used in the probation conditions statute, it imposed a burden greater than that created by the legislature.[5]

¶21    Second, the county court's blanket policy contradicts the plain language of the probation conditions statute, which requires the court to base any decision to prohibit medical marijuana use on the particular defendant's circumstances, after considering the material evidence before it and the statutory sentencing goals.  Thus, the district court erred by affirming the county court's prohibition condition based on this blanket policy.

### III.  Conclusion

¶22    We disapprove of the district court's judgment.

---

[5] The court may require that a defendant produce a medical marijuana card in the first instance to show authorization.  But the court need not assume that all cards are valid.  The constitution requires the state health agency to create and maintain a confidential registry of individuals "who have applied for and are entitled to receive a registry identification card."  Colo. Const. art. XVIII, § 14(3).  To be placed on the registry, an individual must submit certain documentation, including a physician's diagnosis of the individual's debilitating medical condition and identification information for that physician.  Colo. Const. art. XVIII, § 14(3)(b).  And although the information within that registry is confidential and can only be accessed in very limited circumstances, *see* Colo. Const. art. XVIII, § 14(3)(a), there is a public website that lists whether a particular card has been voided, denied, or revoked.  *See Law Enforcement – Medical Marijuana Registry*, Colo. Dep't of Pub. Health & Env't, https://www.colorado.gov/pacific/cdphe/law-enforcement-medical-marijuana-registry [https://perma.cc/M2RP-W7ZN].