Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2020 CO 2**

**No. 18SC436,** *Parental Responsibilities Concerning W.C.* — **Family Law** — **Parenting Responsibilities** — **Appeals** — **Continuing Trial Court Jurisdiction.**

Absent a specific statute or rule stating otherwise, trial courts are divested of jurisdiction over issues that are material to a perfected appeal. In this case, the supreme court applies this rule to Father's motions to modify parenting responsibility orders and first concludes that sections 14-10-129(1)(a)(I), C.R.S. (2019), and 14-10-131(2), C.R.S. (2019), do not specifically grant trial courts jurisdiction to modify parenting responsibility orders while an appeal of the orders is pending. Next, the supreme court concludes that Father's motions to modify were material to his appeal. Thus, the supreme court holds that the trial court did not have jurisdiction to rule on Father's motions to modify while those orders were on appeal. Accordingly, the supreme court disapproves of the court of appeals' order.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2020 CO 2**

---

**Supreme Court Case No. 18SC436**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case Nos. 16CA428, 16CA1863

---

**In re the Parental Responsibilities Concerning Child:**

W.C.,

**and Concerning**

**Petitioner:**

Kimberly Ann Nanke,

**and**

**Respondent:**

Winston Harold Conkling.

---

**Order Disapproved**
*en banc*
January 13, 2020

---

**Attorneys for Petitioner:**
Robinson Waters & O'Dorisio, P.C.
Langdon J. Jorgensen
    *Denver, Colorado*

**Attorneys for Respondents:**
Gill & Ledbetter, LLP

Anne Whalen Gill
   *Castle Rock, Colorado*

**Attorneys for Amicus Curiae Colorado Chapter of the American Academy of Matrimonial Lawyers:**
Litvak, Litvak, Mehrtens and Carlton, P.C.
Ronald D. Litvak
   *Denver, Colorado*

Sherman & Howard L.L.C.
Jordan M. Fox
   *Denver, Colorado*

Lass Moses Ramp & Cooper, L.L.C.
Patricia A. Cooper
   *Denver, Colorado*

**Attorneys for Amicus Curiae Family Law Section of the Colorado Bar Association:**
Polidori, Franklin, Monahan & Beattie, LLC
Robin Lutz Beattie
   *Lakewood, Colorado*

Sherr Puttmann Akins Lamb PC
Courtney Radtke McConomy
   *Greenwood Village, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1    Domestic cases, especially when children are involved, present unique challenges to the judicial system.  Unlike criminal and civil cases, which generally litigate what has *already happened*, domestic cases concerning children litigate what is *currently happening*.  And when orders in these cases are appealed, the question of which court has jurisdiction to act when one party seeks to modify those same orders arises.  That question comes squarely before us today.

¶2    The parties in this case have a child.  Mother, Kimberly Ann Nanke, filed a petition requesting an allocation of parenting responsibilities.  The trial court ultimately entered permanent parenting responsibility orders, granting Mother sole decision-making responsibility and making her the primary residential parent.  Father, Winston Harold Conkling, appealed.  While his appeal was still pending, however, Father filed motions to modify the orders in the trial court, alleging changed circumstances. This raised the question of whether the trial court had jurisdiction to modify the very orders that were on appeal.  The trial court believed that it did not have such jurisdiction; a division of the court of appeals disagreed.

¶3    This case requires us to resolve that conflict.[1]  We hold that, because Father's

---

[1] Specifically, we granted certiorari to review the following issue:

motions to modify were material to his appeal and sections 14-10-129(1)(a)(I), C.R.S. (2019), and 14-10-131(2), C.R.S. (2019), do not specifically grant trial courts jurisdiction to modify parenting responsibility orders while an appeal of the orders is still pending, the trial court here did not have jurisdiction to rule on Father's motions to modify while those orders were on appeal. We therefore disapprove of the court of appeals' order concluding that the trial court retained jurisdiction to modify the orders during the pendency of Father's appeal.[2]

## I. Facts and Procedural History

¶4 Father and Mother are the parents of W.C. Four-and-a-half years ago, Mother filed a petition with the trial court for allocation of parenting responsibilities of W.C., beginning what has since become nearly continuous litigation between the parties. Ultimately, the trial court entered permanent orders allocating parenting responsibilities between Mother and Father. In those orders,

---

> Whether the court of appeals erred in determining that a district court retains continuing jurisdiction to review and decide motions to modify parental responsibilities brought under Colorado's Uniform Dissolution of Marriage Act ("UDMA") while the trial court's prior orders regarding the same matter are on appeal.

[2] After a separate division of the court of appeals affirmed the underlying parenting responsibility orders in *In re Parental Responsibilities Concerning W.C.*, Nos. 16CA0428, 16CA1863, ¶ 1 (Oct. 4, 2018), the trial court denied the motions to modify the permanent orders. To maintain that ruling, we are not remanding this case to the court of appeals.

4

the court found that it was in W.C.'s best interest for Mother to be his primary residential parent and to have sole decision-making responsibility over him, and that Father would have parenting time every other weekend.

¶5 Father appealed. Before the court of appeals issued a decision, however, Father filed a "Motion to Determine Whether Remand Is Necessary, and if so for a Limited Remand," alleging that there were significant changed circumstances affecting parenting time and decision-making. In that motion, Father asked the court of appeals "to determine whether the trial court has jurisdiction to hear and decide a Motion for Modification of Parenting Time while this Appeal is pending, and if so, to grant a limited remand for that purpose." Two days after filing that motion—and before the court of appeals ruled on it—Father filed two motions with the trial court, one to modify parenting time and one to modify the allocation of decision-making responsibility ("motions to modify").

¶6 The court of appeals denied Father's motion for a limited remand without explanation. The trial court then issued an order stating that it did not have jurisdiction to rule on the motions to modify because the action was on appeal. The trial court primarily relied on this court's statement in *Molitor v. Anderson*, 795 P.2d 266, 268 (Colo. 1990), that "once an appeal is perfected[,] jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal."

5

The trial court further stated that "[i]t makes no sense for the Court of Appeals to expend resources determining whether the original orders entered in this case are proper, when upon doing so, the orders may have already been modified."

¶7 One day after the trial court's order denying jurisdiction, Father filed a "Request for Clarification or Reconsideration" with the court of appeals, again asking the court to either (1) state that no remand was necessary or (2) grant a limited remand to allow the trial court to consider the motions.

¶8 In response, a division of the court of appeals determined that no remand was necessary. *In re Parental Responsibilities Concerning W.C.*, 2018 COA 63, ¶ 19, __ P.3d __. The division reasoned that "the [trial] court retains continuing jurisdiction to consider motions to modify parenting time and decision-making while permanent orders are on appeal, but *only* when such motions are based solely on a material change in circumstances that occurred since the court entered permanent orders." *Id.* at ¶ 1. The division deemed *Molitor* distinguishable, reasoning that when a trial court rules on a motion to modify parenting responsibility orders based on changed circumstances, "it is in reality considering whether to enter a *new order* based on circumstances occurring after the prior order was entered." *Id.* at ¶ 14. Thus, the division granted Father's motion to clarify, concluded that no limited remand was necessary, and instructed the trial court that it could, "in its discretion, reconsider the motions if it so [chose]." *Id.* at

6

¶¶ 18–19. Mother petitioned this court for review of the division's order that the trial court retained jurisdiction to rule on the motions to modify while the matter was on appeal, and we granted certiorari.[3]

## II. Analysis

¶9    We first identify the appropriate standard of review for jurisdictional questions such as this. We next examine the applicable law, namely, the general principle that absent a specific statute or rule stating otherwise, trial courts are divested of jurisdiction over issues that are material to a perfected appeal. We last apply this law to this case and hold that, because Father's motions to modify were material to his appeal and sections 14-10-129(1)(a)(I) and 14-10-131(2) do not specifically grant trial courts jurisdiction to modify parenting responsibility orders while an appeal of the orders is pending, the trial court here did not have

---

[3] After Mother filed the petition for review of the division's order with this court, a separate division of the court of appeals affirmed the permanent orders and remanded the case to the trial court. *W.C.*, Nos. 16CA0428, 16CA1863, ¶ 48 (Oct. 4, 2018). The trial court then denied Father's motions to modify. Father did not appeal this order. Thus, this issue on certiorari is arguably moot. However, we elect to review the issue because it "falls within the exception to the mootness doctrine that allows review of important issues capable of repetition yet potentially evading review." *Walton v. People*, 2019 CO 95, ¶ 8, __ P.3d __ (quoting *People v. Brockelman*, 933 P.2d 1315, 1318 (Colo. 1997)).

jurisdiction to rule on Father's motions to modify while those orders were on appeal.

## A. Standard of Review

¶10    A trial court's jurisdiction over child custody and related proceedings is a question of law, which we review de novo.  *See Madrone v. Madrone*, 2012 CO 70, ¶ 9, 290 P.3d 478, 479.

## B. Law

¶11    As the trial court in this case noted, in *Molitor* we addressed whether trial courts have jurisdiction to rule on motions in a case that is pending on appeal. 795 P.2d at 267.  In that case, an employee filed suit against his employer, claiming, among other things, that the employer wrongfully terminated him.  *Id.* at 266.  The jury found for the employee, and the employer appealed; while the appeal was still pending, however, the employer filed a motion for relief from judgment pursuant to C.R.C.P. 60(b)(1) in the trial court.  *Id.*  In holding that the trial court lacked jurisdiction to consider the Rule 60(b)(1) motion, we noted that "[c]ourts universally recognize the general principle that once an appeal is perfected[,] jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal."  *Id.* at 268.  In other words, "the filing of a notice of appeal divests a trial court of authority to consider matters of substance affecting directly the

8

judgment appealed from." *Id.* at 269. Concluding that the Rule 60(b)(1) motion was material to the case because it "requested the trial court to vacate the very judgment that [was] the subject of the [appeal]," we held that "absent a remand of the case to the trial court by the Court of Appeals, the trial court had no jurisdiction to consider" that motion. *Id.* at 270.

¶12 Thus, the rule from *Molitor* is that when an appeal has been perfected, trial courts do not have jurisdiction over matters material to the appeal. Since *Molitor*, this rule has become well established. *See, e.g.*, *Musick v. Woznicki*, 136 P.3d 244, 248 (Colo. 2006) ("[O]nce an appeal is properly underway, jurisdiction transfers to the appellate court."); *Coors Brewing Co. v. City of Golden*, 2013 COA 92, ¶¶ 58–68, 411 P.3d 767, 777–78 (finding that the trial court had jurisdiction over a matter collateral to the appeal at issue).

¶13 But this rule has an exception. When a statute or rule "*specifically* authorize[s]" jurisdiction to trial courts over issues material to an appeal, that specific authorization trumps general jurisdictional principles. *People v. Dillon*, 655 P.2d 841, 844 (Colo. 1982) (emphasis added); *see also Schnier v. Dist. Court*, 696 P.2d 264, 267 (Colo. 1985) ("A trial court is not divested of jurisdiction to issue further orders in the case relative to the order or judgment appealed from if such further orders are specifically authorized by statute or rule."); C.A.R. 3(a) ("Upon the filing of the notice of appeal, the appellate court shall have exclusive

9

jurisdiction over the appeal and all procedures concerning the appeal *unless otherwise specified by these rules*." (emphasis added)). For example, section 19-2-707(3), C.R.S. (2019), specifically authorizes continuing jurisdiction during the appellate process to trial courts over mandatory protection orders against juveniles charged with the commission of a delinquent act; it provides that "[t]he trial court shall retain jurisdiction to enforce, modify, or dismiss the protection order during the pendency of any appeal that may be brought." In that instance, the general jurisdictional rule that trial courts do not have jurisdiction upon perfection of appeal yields to the legislature's explicit intent.

¶14 We see no reason to depart from this rule today, particularly because it is supported by vital pragmatic considerations. Specifically, "[t]he rule effectively limits two courts from simultaneously considering the same judgment, and ensures the efficient administration of appeals." *Colo. State Bd. of Med. Exam'rs v. Lopez-Samayoa*, 887 P.2d 8, 15 (Colo. 1994). Undeniably, a foundational principle of "every . . . judicial tribunal[] is to decide actual controversies by a judgment which can be carried into effect, and not . . . to declare principles or rules of law which cannot affect the matter in issue . . . before it." *People v. Dist. Court*, 242 P. 997, 998 (Colo. 1925) (second and third omissions in original) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Allowing both trial courts and the court of appeals to adjudicate the same issue simultaneously would risk the court of appeals

issuing moot opinions because the trial court may have already modified the underlying order or judgment. This is an untenable waste of judicial resources. Additionally, allowing different courts to enter rulings on the same order creates the risk of significant confusion. Potentially, the parties would be left to speculate which order, or part of an order, is in effect at any given time. For example, if the court of appeals affirmed an order that the trial court had already modified, both the trial court and the parties could understandably be confused as to which order—affirmed or modified—they are supposed to follow.

¶15 With this understanding in mind, we now consider whether the division of the court of appeals in this case correctly held that the trial court had continuing jurisdiction over Father's motions to modify, which he filed while his appeal of the underlying order was still pending.

## C. Application

¶16 We conclude that the trial court did not have jurisdiction to rule on Father's motions to modify. We reach this conclusion for two reasons: (1) sections 14-10-129(1)(a)(I) and 14-10-131(2), which respectively grant trial courts jurisdiction to determine parenting time and decision-making authority, do not specifically grant trial courts continuing jurisdiction after the perfection of appeal; and (2) Father's motions to modify raised issues material to the appeal. We discuss each in turn below.

11

## 1. Sections 14-10-129(1)(a)(I) and 14-10-131(2) Do Not Specifically Grant Trial Courts Continuing Jurisdiction

¶17 The statutes at issue in this case are sections 14-10-129 and 14-10-131. Section 14-10-129(1)(a)(I) pertains to orders allocating parenting time, while section 14-10-131(2) concerns orders allocating decision-making responsibilities. Specifically, section 14-10-129(1)(a)(I) allows trial courts to "modify an order granting or denying parenting time rights whenever such order or modification would serve the best interests of the child." And section 14-10-131(2) allows trial courts to modify decision-making responsibility orders only when it is necessary to serve the best interests of the child due to changed circumstances:

> The court shall not modify . . . a decree allocating decision-making responsibility unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or the child's custodian or party to whom decision-making responsibility was allocated and that the modification is necessary to serve the best interests of the child.

Following the general rule described above, trial courts could only have the jurisdiction to rule on motions to modify parenting time and/or decision-making orders that are already on appeal if these statutes specifically authorize such jurisdiction. But they do not.

¶18 To be sure, sections 14-10-129(1)(a)(I) and 14-10-131(2) authorize trial courts to modify parenting time and decision-making orders as a general matter. But

unlike section 19-2-707(3)—which, as discussed above, specifically grants continuing jurisdiction "during the pendency of any appeal"—these statutes contain no language that might pass the stringent test of a specific grant of jurisdiction to modify these orders when they are on appeal. Neither section mentions continuing trial court jurisdiction, nor do they mention appeals. Given that the legislature has demonstrated just how specific it can be in regards to this language in sections such as section 19-2-707(3), we will not "read into a statute language that does not exist." *Boulder Cty. Bd. of Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 954 (Colo. 2011).

¶19 Nevertheless, Father contends that the word "whenever" in section 14-10-129(1)(a)(I)—which, again, allows courts to "modify an order granting or denying parenting time rights *whenever* such order or modification would serve the best interests of the child" (emphasis added)—is a specific grant of this type of jurisdiction. The court of appeals emphasized this word as well. *See W.C.*, ¶ 8. True, "whenever" is a broad term, and its use here recognizes that dynamics can change when raising children, which might necessitate modifying permanent orders. But that alone does not meet the specificity needed to allocate jurisdiction to the trial court. When read in context with the words following it, *see McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389 ("We read statutory words and phrases in context."), it is evident that "whenever" is not a jurisdictional term as used here.

The statute reads that a court may modify parenting time "whenever such order or modification would serve the best interests of the child." § 14-10-129(1)(a)(I). "Whenever" is referring to the "best interests of the child" standard; it is a substantive direction to trial courts, telling them that they may modify parenting time orders only when doing so meets the standard of the "best interest of the child." Thus, section 14-10-129(1)(a)(I) is not a jurisdictional statute at all, let alone a specific grant of jurisdiction; rather, it provides the substantive standard for possible modifications.

¶20    In sum, we conclude that sections 14-10-129(1)(a)(I) and 14-10-131(2) do not contain language that specifically grants trial courts jurisdiction to rule on motions to modify parenting responsibility orders when those orders are on appeal.[4]

## 2. Father's Motions to Modify Raised Issues Material to His Appeal

¶21    That sections 14-10-129(1)(a)(I) and 14-10-131(2) do not specifically grant jurisdiction does not end our inquiry. Regardless of specific statutory permission,

---

[4] Both parties in this case advocate for an emergency exception to grant trial courts jurisdiction to enter orders when a party files a "motion to restrict parenting time or parental contact with a parent which alleges that the child is in imminent physical or emotional danger due to the parenting time or contact by the parent" pursuant to section 14-10-129(4), when an original parenting time order is still on appeal. However, Father in this case did not allege that W.C. was in imminent physical or emotional danger. Thus, we need not address that issue today.

14

the trial court here would still have had jurisdiction to rule on Father's motions to modify if those motions were not material to Father's appeal. But Father's motions were material here. In fact, Father requested modification of the very orders that he appealed.

¶22 The trial court recognized as much. In ruling that it had been divested of jurisdiction to rule on Father's motions, the trial court summarized why the motions were material to his previously perfected appeal, noting that if it ruled on them, it "would be altering the very judgment that the court of appeals is presently considering":

> Respondent's motions absolutely affect the substance of the judgment entered in this case. Both motions seek to fundamentally and significantly alter the allocation of parental responsibilities judgment entered by the Court . . . . If the Court were to consider Respondent's motions and find that they had merit, this Court would be altering the very judgment that the Court of Appeals is presently considering.

We agree. To modify the parenting responsibility orders would be to modify the substance of precisely what was before the court of appeals, potentially rendering any court of appeals opinion moot.

¶23 The court of appeals looked at this from a different angle, reasoning instead that if the trial court modified the orders, it would "in reality [be] considering whether to enter a *new order* based on circumstances occurring after the prior order was entered." *W.C.*, ¶ 14. Thus, the court of appeals saw no friction between the general principle against continuing jurisdiction and the motions to modify here.

15

*Id.* But Father's motions and the language in sections 14-10-129(1)(a)(I) and 14-10-131(2) speak specifically to *modifying* orders, not entering new ones. Indeed, Father requested *modification* of the parenting responsibility orders pursuant to section 14-10-129(1)(a)(I), which allows courts to modify parenting time, and section 14-10-131(2), which allows courts to modify decision-making responsibility. In modifying an order, the trial court is not creating a new order but rather changing the existing one. While the original order and the modified order may ultimately be materially different, they represent, in effect, one continuous order. Thus, any change to the order here would be material to an appeal of that order.

## III. Conclusion

¶24    For the foregoing reasons, we disapprove of the court of appeals' order.

16