24CA1536 Peo v Ward 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1536
Boulder County District Court No. 16CR1742
Honorable Ingrid S. Bakke, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tobais Gavin Ward,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

McCabe Law, Alison Gordon, Boulder, Colorado, for Defendant-Appellant

¶ 1     Defendant, Tobias Gavin Ward, appeals the postconviction court's order denying his Crim. P. 35(c) motion after an evidentiary hearing. We affirm.

## I.     Background

### A.     Plea and Deferred Judgment and Sentence

¶ 2     Ward pleaded guilty to possession with intent to manufacture or distribute marijuana or marijuana concentrate, a class 4 drug felony, and possession of marijuana or marijuana concentrate, a class 1 misdemeanor. The district court entered a two-year deferred judgment and sentence (DJS) on the felony and imposed a concurrent two-year probation sentence on the misdemeanor.

¶ 3     The conditions of Ward's sentence included (1) no drugs or alcohol; (2) no marijuana at the discretion of probation; (3) substance abuse monitoring at the discretion of probation; and (4) alcohol and substance abuse evaluation and treatment. The DJS agreement included an added condition that Ward not commit new offenses during the term of the DJS. Finally, because he was being supervised by probation, Ward had to comply with additional conditions, including (1) notifying probation of any changes in his address or employment; (2) maintaining suitable employment;

1

(3) obtaining written permission from the court or probation before leaving Colorado; and (4) complying with any other requirements of probation, including answering probation's reasonable questions.

## B. Revocation of the DJS

¶ 4 Between 2017 and 2019, the probation department filed four complaints alleging the following violations of Ward's probation and DJS: (1) he committed a new offense of driving under the influence; (2) he tested positive for marijuana thirteen times; (3) he failed to submit for substance abuse testing twenty times; (4) he twice failed to respond to probation's request for an email status update; (5) he did not return to Colorado as required by his approved travel permit; (6) he failed to provide verification of his home address and employment; (7) he provided a false home address; and (8) he left Colorado without permission and his whereabouts were unknown.

¶ 5 In 2019, Ward admitted to the complaints. The district court revoked and terminated his DJS and entered the felony conviction for possession with intent to manufacture or distribute marijuana or marijuana concentrate. It also revoked and terminated probation. The court did not impose any new sentences, meaning

Ward had completed his sentence but had the felony conviction on his record.

## C. Postconviction Motion

¶ 6     Ward's postconviction counsel timely filed a Crim. P. 35(c) motion asserting two claims based on Ward's alleged use of medical marijuana during his DJS and probation. He first argued that his DJS was revoked on unconstitutional grounds because, under *Walton v. People*, 2019 CO 95 — which was pending in the supreme court when Ward admitted to the violations — his alleged marijuana-related violations were based on an impermissible application of the probation conditions statute,

§ 18-1.3-204(2)(a)(VIII), C.R.S. 2025, which permitted him to use medical marijuana while on probation.[1]

¶ 7    Second, Ward asserted that his admission to violating the DJS and probation was not knowing, voluntary, and intelligent because (1) he was unaware that, under the holding in *Walton,* the marijuana-related violations he admitted to were predicated on an

---

[1] In *Walton v. People,* 2019 CO 95, the supreme court interpreted section 18-1.3-204(2)(a)(VIII), C.R.S. 2019, which provided that as a condition of probation, a district court could

> require that the defendant . . . [r]efrain from . . . any unlawful use of controlled substances, as defined in section 18-18-102(5), or of any other dangerous or abusable drug without a prescription; except that the court shall not, as a condition of probation, prohibit the possession or use of medical marijuana, as authorized pursuant to section 14 of article XVIII of the state constitution, unless . . .
>
> (B) The court determines, based on any material evidence, that a prohibition against the possession or use of medical marijuana is necessary and appropriate to accomplish the goals of sentencing as stated in section 18-1-102.5.

*See Walton,* ¶ 12.  The supreme court held, among other things, that the plain language of the statute "creates a presumption that a defendant may use medical marijuana while serving a sentence to probation unless a statutory exception applies."  *Id.* at ¶ 2.

unconstitutional application of the probation conditions statute; and (2) had he been aware of this, he would not have admitted to the violations and instead would have insisted on a revocation hearing.

¶ 8 The postconviction court denied Ward's motion without specifically addressing his claim that his admission was not knowing, voluntary, and intelligent.

¶ 9 Ward appealed. A division of this court affirmed the denial of his first claim and reversed and remanded for a hearing on his claim that his admission was not knowing, voluntary, and intelligent because he had not been advised of the applicability of *Walton. People v. Ward,* (Colo. App. No. 22CA1820, Dec. 21, 2023) (not published pursuant to C.A.R. 35(e)).

### D. Postconviction Hearing and Ruling

¶ 10 At the beginning of the hearing on remand, the parties and the postconviction court agreed that the issue before the court was whether plea counsel had rendered ineffective assistance by failing to advise Ward of the implications of *Walton.*

¶ 11 Plea counsel and Ward testified at the hearing. Plea counsel testified that he had not advised Ward of the implications of *Walton*

5

because he was unaware that the issue was pending in the Colorado Supreme Court. And, prompted by a question from postconviction counsel, plea counsel also testified that he had not advised Ward that under section 18-1.3-102(2), C.R.S. 2025, the district court had discretion to continue Ward's DJS despite his admission to the violations. Indeed, counsel said he was not aware of this statutory provision when he represented Ward.

¶ 12 Plea counsel further testified that, after lengthy discussions, he advised Ward not to proceed to a revocation hearing because (1) he saw no possibility of success at a hearing due to the numerous alleged violations for which the court could revoke Ward's DJS and probation; and (2) Ward risked a harsher penalty after an unsuccessful hearing than that which the prosecution was requesting, which was to enter the felony and discharge Ward from probation without any new sentences imposed.

¶ 13 Ward confirmed during his own testimony that plea counsel had not advised him of *Walton* or section 18-1.3-102(2). He also testified that he would have proceeded to a revocation hearing had he been properly advised because his "primary goal" was to avoid a

felony conviction. Ward conceded, however, that there were multiple alleged violations that he could not refute.

¶ 14    Ward's postconviction counsel argued that plea counsel performed deficiently by failing to advise Ward of *Walton* and section 18-1.3-102(2). This failure, postconviction counsel argued, prevented Ward from making a knowing, voluntary, and intelligent admission to the violations and, moreover, prejudiced him because, had he been adequately advised, Ward would have proceeded to a hearing instead of making an admission.

¶ 15    At the conclusion of the hearing and in a subsequent written order, the postconviction court denied Ward's ineffective assistance claims based on *Walton* and section 18-1.3-102(2) and found that he had admitted to the probation violations knowingly, voluntarily, and intelligently. The court found that plea counsel's testimony was credible, but Ward's was not. As to both claims, the court found that Ward had failed to establish both prongs of the ineffective assistance of counsel test.

## II.    Discussion

¶ 16    The only claim that Ward reasserts on appeal is that his plea counsel was ineffective because, due to counsel's failure to advise

him under section 18-1.3-102(2), his admission to the probation violations was not knowing, voluntary, and intelligent.[2]

¶ 17 We acknowledge that in his opening and reply briefs, Ward references plea counsel's testimony that he was unaware that Ward was potentially constitutionally entitled to use medical marijuana while on probation. But, beyond that, Ward makes no argument regarding his ineffective assistance claim under *Walton*. We therefore deem his claim under *Walton* abandoned. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

## A. Standard of Review

¶ 18 The denial of a Crim. P. 35(c) motion after an evidentiary hearing is a mixed question of fact and law. *People v. Corson*, 2016 CO 33, ¶ 25. We defer to the postconviction court's factual findings if they are supported by the record but review de novo the court's

---

[2] Citing *People v. Notyce*, 2014 COA 52, ¶ 2, section 16-5-402, C.R.S. 2025, and Crim. P. 35(c)(3)(I), the People argue — albeit in a footnote — that we "may not address" this claim because Ward did not raise it in his written postconviction motion, it is outside the limited scope of the remand, and it is untimely. We reject this argument because Ward raised the issue at the postconviction hearing, and the postconviction court ruled on it in both its oral and written orders. *See People v. Huggins*, 2019 COA 116, ¶ 17 (an issue can be preserved for appeal if raised during a postconviction hearing and ruled on by the postconviction court).

legal conclusions. *Id.* The postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing. *People v. Curren*, 228 P.3d 253, 258 (Colo. App. 2009). Accordingly, "[w]here the evidence in the record supports the findings and holding of the postconviction court that presided over an evidentiary hearing, the judgment will not be disturbed on review." *People v. Wardell*, 2020 COA 47, ¶ 27.

### B. Ineffective Assistance of Counsel Law

¶ 19 A criminal defendant is constitutionally entitled to effective assistance of counsel. *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). To succeed on an ineffective assistance claim, the defendant must first establish, by a preponderance of the evidence, that counsel's performance was deficient, meaning it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1061-63 (Colo. 2007). And second, the defendant must establish a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Dunlap*, 173 P.3d at 1063. In the context of a guilty plea, the prejudice prong requires a defendant to "show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *People v. Sifuentes*, 2017 COA 48M, ¶ 20 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

¶ 20    A postconviction court may reject an ineffective assistance claim if the defendant fails to demonstrate either deficient performance or prejudice. *See People v. Aguilar*, 2012 COA 181, ¶ 9.

### C.    Section 18-1.3-102(2)

¶ 21    If a defendant complies with the conditions of his DJS throughout the deferral period, the district court must withdraw the guilty plea and dismiss the charges underlying the DJS. *Williams v. People*, 2019 CO 101, ¶ 21. "But, if the defendant violates 'any condition regulating the conduct of the defendant,' the court 'shall enter judgment and impose sentence upon the guilty plea.'" *Id.* at ¶ 22 (quoting § 18-1.3-102(2)). Generally, a court does not have discretion whether to revoke a DJS once it finds that the defendant has violated the terms of the DJS; rather, revocation is required. *DePriest v. People*, 2021 CO 40, ¶ 14. However, there is a limited statutory exception to this rule:

10

> [I]f the offense is a violation of article 18 of this title 18 [a drug offense], the court may accept an admission or find a violation of the stipulation without entering judgment and imposing sentence if the court first makes findings of fact on the record stating the entry of judgment and sentencing would not be consistent with the purposes of sentencing, that the defendant would be better served by continuing the deferred judgment period, and that public safety would not be jeopardized by the continuation of the deferred judgment.

§ 18-1.3-102(2).

### D. Analysis

¶ 22 Even if we assume that Ward sufficiently established deficient performance with respect to plea counsel not advising him regarding the district court's discretion to continue his DJS under section 18-1.3-102(2), we conclude that he failed to sufficiently establish prejudice.

¶ 23 At the hearing, the postconviction court specifically limited the prejudice issue to whether, had he been properly advised of the court's discretion under section 18-1.3-102(2), Ward would have proceeded to a revocation hearing instead of admitting to the violations. In its oral and written orders denying the claim, the court found that a proper advisement would not have altered the

11

outcome and that a reasonable person would not have proceeded to a hearing under the circumstances Ward was facing. As support for this conclusion, the court observed that Ward had admitted at the hearing that there were multiple alleged violations he could not defend against; Ward had received multiple continuances between the individual probation complaints but failed to become compliant; and Ward would have faced possible additional sanctions following a hearing.

¶ 24 On appeal, Ward largely focuses on plea counsel's deficient performance and does not directly challenge the postconviction court's prejudice findings. Rather, he generally states in his opening brief that, "[h]ad he received the effective assistance of counsel, there is a reasonable probability that he would have proceeded to a hearing and asked the Court to continue his [DJS] over the prosecution's objection even if [he] were found to have violated his [DJS]." But Ward provides no argument or analysis developing this assertion. *See People v. Lientz,* 2012 COA 118, ¶ 30 (rejecting a conclusory claim because parties must present reasoned analysis for their appellate assertions and not rely on conclusory allegations). To the extent Ward expands on his

12

prejudice argument in his reply brief, we will not consider those arguments. *See In re Marriage of Dean*, 2017 COA 51, ¶ 31 ("We do not consider the arguments mother makes for the first time in her reply brief or those that seek to expand upon the contentions she raised in her opening brief.").

¶ 25 Furthermore, Ward failed to present objective evidence to corroborate his testimony that he would have insisted on going to a revocation hearing but for plea counsel's deficient advice. *See Sifuentes*, ¶ 20 ("Some objective evidence must corroborate the defendant's testimony that he would have made a different decision about the plea if he had been properly advised."). And, beyond new assertions in his reply brief, he did not argue that "a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (citation omitted).

¶ 26 Regardless, the record supports the postconviction court's finding that Ward failed to establish prejudice for his ineffective assistance claim based on section 18-1.3-102(2). Plea counsel testified that he advised Ward not to proceed to a revocation hearing due to the numerous alleged violations and the risks associated with an adverse finding on even one of the allegations,

13

and the district court credited plea counsel's testimony. Further, Ward admitted that there were violations against which he could not defend. Considering the number of alleged violations in the complaints, Ward's admission that he could not defend against all of them, and the risk that he faced additional penalties if he went to a hearing, Ward did not demonstrate a reasonable probability that he would have gone to a hearing but for plea counsel's deficient advice.

¶ 27 Because Ward failed to establish prejudice, he did not sufficiently prove his ineffective assistance claim based on his plea counsel's failure to advise him regarding the district court's discretion under section 18-1.3-102(2) before he admitted to the probation violations.

## III. Disposition

¶ 28 The order is affirmed.

JUDGE YUN and JUDGE SCHOCK concur.